**Warren JOHNSON, Appellee,**

v.

**D. L. McDANIEL, d/b/a Aetna Oil Company, Appellant (Two cases).**

**Nos. 48361, 48589.**

Supreme Court of Oklahoma.

Sept. 27, 1977.

---

Jack B. Sellers, Sapulpa, for appellant.

Joe H. Glasser, McKeever, Glasser, Conrad & Herlihy, Enid, for appellee.

DOOLIN, Justice.

Appellant, D. L. McDaniel d/b/a Aetna Oil Company (McDaniel) held an oil and gas lease on property owned by the plaintiff-appellee Johnson. In September 1974, Johnson filed an action seeking to cancel this lease for non-production. He was represented by an attorney of a multi-member firm. The suit named seventeen defendants including McDaniel and Target Drilling Company, a suspended corporation, with which McDaniel had once been associated.

On the same day plaintiff filed affidavits for service by publication on all defendants and mailed a summons to McDaniel at an Oregon address. The summons was returned unclaimed.

On November 11, 1974, default judgment was entered against all defendants.

While in the hospital in Tulsa, in December of 1974, McDaniel first learned of the default judgment through a conversation with his pumper on the lease. He immediately telephoned another member of the above mentioned law firm, who had previously represented him, to inquire about the judgment. Upon his release from the hospital he went to Enid to investigate further. It was at this time, upon the advice of the member of the firm, that he retained other counsel.

In March 1975, McDaniel filed a pleading in the above mentioned cause, entitled "Entry of Appearance, Motion to Vacate Judgment and Application for Extension of Time in which to Answer" pursuant to 12 O.S.1971 § 176.[1] At the hearing on the motion, McDaniel testified he had no notice of the litigation until after the default judgment was entered. A member of the firm corroborated this conversation with McDaniel. He also testified that the firm had available his Oklahoma address. At the end of the hearing the trial court stated it was of the opinion McDaniel had notice of the litigation and denied his motion to reopen. A timely petition in error was filed in this court. Subsequent to the commencement of the appeal, the journal entry denying McDaniel's motion was filed in the trial court. McDaniel did not approve the journal entry as to form; in fact, he took issue with certain findings. He filed a motion to modify the journal entry by deleting one paragraph. The trial court denied his motion and he filed a second petition in error. The two appeals have been consolidated by this court.

12 O.S.1971 § 176 must be liberally construed in furtherance of justice. It does not actually contemplate vacation of a default judgment, but rather the opening up of the judgment so that a defendant may be let in to defend.[2] We will treat McDaniel's trial court motion in that manner regardless of how it is entitled. Denial of such a motion is not warranted on the ground the applicant's pleadings do not

1. "§ 176. Opening judgment after default on service by publication—Notice of application—Answer—Costs—Affidavits and counter affidavits—Title to property not affected by proceedings.—A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, *and be let in to defend. Before the judgment or* order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence *that during the pendency of the action he had no actual notice thereof in time to appear in court and make his de-*fense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as *provided by this section, shall be allowed to* present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

2. *Choctaw and Chickasaw Missionary Baptist Association v. Matthews*, 304 P.2d 994 (Okl. 1956).

comply strictly with the requirements of this section.[3]

Under this statute, McDaniel is entitled to have the judgment opened if he had no actual notice of this suit. It is academic that certain notice procedures are necessary in order for due process requirements to be met. McDaniel relies on the principles set forth in *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okl.1968) wherein we annunciated the standards necessary for service by publication to be effective. These standards were promulgated by the United States Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). In *Bomford* at p. 718 we stated "(t)he general rule that emerges from *Mullane* and subsequent cases is simple: A state cannot invest itself with, and exercise through its courts, judicial jurisdiction over a person in a proceeding which may directly and adversely affect his legally protected interests, unless a method of notification is employed which is reasonably calculated to give him knowledge at a meaningful time and in a meaningful manner of the attempted exercise of jurisdiction and an opportunity to be heard." McDaniel submits these due process requirements were not met.

12 O.S.1974 Supp. Ch. 2, App. Rule 16 provides for procedural protective measures that must be followed before a default judgment may be taken against a defendant served solely by publication. The pertinent parts of this rule are as follows:

"Rule 16. Default Judgment Against Defendant Served Solely by Publication.

When a default judgment sought in any action against a party-defendant who was served solely by publication (i.e., upon whom no notice by mailing was effected), the judge shall conduct an inquiry either in open court or in chambers to determine judicially whether plaintiff, or someone acting in his behalf, did make a diligent and meaningful search of all reasonably available sources at hand and failed to ascertain from it the following data:

(a) the whereabouts or mailing address of every person named as defendant who was so served in the action;

\* \* \* \* \* \*

or if publication service was directed to the unknown successors, trustees or assigns, if any, of any dissolved corporation; or to the unknown successors of any party designated in any record as a trustee; or to the unknown holders of special assessment or improvement bond, sewer warrant or tax bill; or to any corporation whose continued legal existence is alleged to be in doubt but the fact of its dissolution is not known;

(f) the individual identity and whereabouts or mailing address of such unknown successors, trustees, etc. of any dissolved corporation;

(g) the individual identity and whereabouts or mailing address of any successor of one designated in any record as trustee;

(h) the individual identity and whereabouts or mailing address of any holders of special assessment or improvement bond, sewer warrant or tax bill;

(i) whether the corporate defendant continues to have legal existence or not; whether it has officers or not, and the officers' individual identity and whereabouts or mailing address; or the identity and whereabouts or mailing address of successors, trustees or assigns, if any, if defendant corporation was in fact dissolved.

At the inquiry required by this rule plaintiff should show by competent evidence that all reasonably available sources, where applicable, were in fact searched and failed to yield the information necessary to establish;

(a) the whereabouts or mailing address of the named defendant;

(b) or the individual identity and whereabouts or mailing address of his heirs, successors, etc.;

---

3. *Tate v. Robertson*, 472 P.2d 905 (Okl.1970).

(c) or the status of a corporation and the whereabouts of its officers or successors.

*In all cases affecting interest in or title to land, the following shall be searched as primary sources:*

(a) local assessor's records

(b) local county treasurer's records

(c) local deed records as to the property involved for return address on recorded instruments

\* \* \* \* \* \*

If, after hearing the evidence the judge finds that plaintiff did in fact exercise due diligence in conducting a meaningful search, the following recitation should be included in the journal entry of judgment:

"The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication, and based on the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standards of state and federal due process." (Emphasis supplied).

There is nothing in the record before us that evidences a compliance with this rule. Apparently none of the suggested sources enumerated by the rule were utilized in attempting to locate McDaniel. A member of the law firm representing Johnson, acknowledged that he could have located McDaniel if he had checked his files. The journal entry entered at time of default does not reflect the court heard or found any evidence of the exercise of due dili-

gence in giving McDaniel notice of the suit. The paragraph suggested by Rule 16 quoted above, was not present in the journal entry.

In his brief, Johnson admits the sole issue is whether McDaniel had actual notice of the pendency of the litigation. Although trial court found McDaniel did have actual notice of the suit, an examination of the testimony shows there is absolutely no evidence McDaniel had any notice at all prior to the time the default judgment was taken.[4]

Where names and addresses of adverse parties are known or are easily ascertainable, notice of pending proceedings by publication service alone, is not sufficient to satisfy the requirements of due process under federal or Oklahoma constitutions. All sources must be exhausted in a meaningful pursuit of information as to a defendant's whereabouts.[5]

The summons was returned unclaimed and no further effort was made to notify McDaniel or to obtain his address or phone from the law firm's files. The requirements of due process were not met.[6] Failure of Johnson to comply with the mandates of due process negates jurisdiction over McDaniel and requires that we reverse the trial court. A default judgment must be set aside if trial court had no jurisdiction over the person of the defendant.[7]

This decision on the issue of notice is dispositive of the second petition in error so it is unnecessary for us to consider the allegations raised therein.

The trial court is reversed and the proceeding is remanded to the trial court with instructions to open the prior judgment and allow McDaniel to defend.

DAVISON, WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.

---

4. Although service was had through the Secretary of State on Target Drilling Company, the allegation this constituted notice to McDaniel is without support. Target was defunct, no longer in operation and such service may not be considered as effective as to McDaniel.

5. See *Talley v. Carley*, 551 P.2d 248 (Okl.1976).

6. *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okl.1968).

7. *Farmers' Union Co-operative Royalty Company v. Woodward*, 515 P.2d 1381 (Okl.1973).

HODGES, C. J., and LAVENDER, V. C. J., concur in result.

IRWIN, J., dissents.