**In the Matter of TAMMIE, Plaintiff-Appellee,**

v.

**Eunice Pearce Garson RODRIGUEZ, Defendant-Appellant.**

**No. 50003.**

Supreme Court of Oklahoma.

Oct. 11, 1977.

Charles W. Hack, Tulsa, for appellant.

Donald M. Bingham, Tulsa, for appellee.

DOOLIN, Justice.

A default judgment was taken terminating parental rights of the mother of Tammie. Tammie had been previously adjudged to be dependent and neglected and placed in the custody of a Tulsa children's home.

A motion was filed seeking to terminate all parental rights. Summons was issued to the mother and service by publication was authorized the same day. The day before the hearing, the summons was returned not found. Notice had been published in a Tulsa paper advising of a hearing on a motion to declare the child to be dependent and neglected but it did not mention termination of parental rights.

The mother failed to appear on the date of the hearing.[1] The trial court confirmed the findings and recommendation of the juvenile court referee and terminated mother's parental rights. A year and a half later mother filed a motion to vacate the termination on the grounds the trial court had no jurisdiction to terminate her parental rights in that she was not personally served and had no actual or constructive notice of the hearing. She alleged the service by publication was invalid because state did not use due diligence in trying to notify her as she was readily available for service. She verified the summons listed her correct address and her place of employment.

The court determined mother had actual notice of the termination but failed to take the necessary steps to vacate the order. The court stated the mother did not use due diligence to vacate the order after finding out her rights had been terminated. There-

1. The natural father is not involved in this proceeding.

fore it overruled her motion to vacate. She appeals to this court.

■ 10 O.S.1971 § 1131 [2] requires a parent be given actual notice of any hearing to terminate parental rights. If and only if the court finds the whereabouts of the parents cannot be ascertained, may notice be given by publication. In addition to publication a copy of the notice must be mailed to parent's last known address.

The evidence shows mother was living at the address shown on the summons and her place of employment was correctly listed. The return stated sheriff made five trips but "could not catch her." There is no affidavit or evidence a copy of the notice was mailed to her. The evidence does not support a finding that due diligence was used in attempting to locate and notify mother of the hearing.[3] Clearly the statutory prerequisites to valid service by publication were not met.

The state and the court tacitly admit mother had no notice prior to the hearing. The state's evidence indicated mother learned of the termination through conversations with personnel from the children's home sometime after the order was issued. This evidence formed the basis for the court's determination she had actual notice of the hearing.

Lack of prompt remedial action by the mother and her delay in instigating this proceeding after she learned of the order cannot overcome the court's lack of jurisdiction at the time order was issued. Nothing mother did after the hearing may retroactively confer jurisdiction on the court and negate the effect of lack of notice.

■ It is academic that personal jurisdiction must be based on some kind of valid service. Procedural due process mandates that reasonable steps be taken to give a parent prior notice of the proceeding and an opportunity to be heard. If this fundamental requirement is not met, the court lacks jurisdiction and the judgment is void.[4]

■ Section 1131 further provides where parent has not received actual notice, the order depriving her of parental rights shall not become final for six months after hearing. The state argues this precludes mother from attacking the order for any reason, including lack of jurisdiction, after six months. This six months limitation however, is a limitation on termination proceeding wherein service by publication was proper and is applicable only if such service was valid. Here the order is void for lack of jurisdiction because mother had neither actual nor constructive notice of the pro-

**2.** 10 O.S.1971 § 1131 in full provides:

§ 1131. Notice of hearing to terminate parental rights.—

A parent shall be given actual notice of any hearing to terminate his parental rights. The notice shall indicate the relief requested, and the hearing shall not be held until at least ten (10) days after the receipt of such notice, except with the consent of the parent. If the court finds that the whereabouts of the parent cannot be ascertained, it may order that notice be given by publication and a copy mailed to the last-known address of the parent. The notice shall be published once in a newspaper of general circulation in the county in which the action to terminate parental rights is brought, and the hearing shall not be held for at least ten (10) days after the date of publication of the notice. Where a parent has not received actual notice of the hearing at which he is deprived of his parental rights, the order depriving him of those rights shall not become final for a period of six (6) months after the hearing. Nothing in this section shall prevent

a court from immediately taking custody of a child and ordering whatever action may be necessary to protect his health or welfare.

For the purpose of terminating parental rights, a father or putative father of an illegitimate child who has not, prior to commencement of a proceeding to terminate parental rights to such child, provided parental financial support and care for such child, shall not be deemed to have parental rights to such child, shall not be entitled to notice of any hearing or to participate in such hearing.

**3.** See also 12 O.S.1976 Supp. Ch. 2, App. Rule 16.

**4.** *Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713 (Okl.1968); *High v. Southwestern Insurance Company,* 520 P.2d 662 (Okl.1974). Also see *Clemmons v. State,* 5 Okl.Cr. 119, 113 P. 238 (1911).

ceeding. A void judgment may be vacated at any time.[5]

Accordingly we reverse and remand to the trial court with instructions to vacate the order terminating mother's rights without prejudice to state's right to refile its petition.

HODGES, C. J., and WILLIAMS, BERRY, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., concurs in result.

IRWIN, J., dissents.

---

**5.** 12 O.S.1971 § 1038; *Gilbertson v. Gilbertson,* 498 P.2d 1381 (Okl.1972); *Farmers' Union Co-* *Operative Royalty Company v. Woodward,* 515 P.2d 1381 (Okl.1973).