**BLACKGOLD EXPLORATION COMPANY LTD., Appellant,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ELK CITY,**
**Oklahoma, Appellee.**

No. 71596.

Supreme Court of Oklahoma.

Dec. 26, 1990.

As Corrected Jan. 9, 1991.

dent, W.P. Atkinson, II. The suit involved real property in Oklahoma. Blackgold was the mortgagor of the property, and Atkinson was a guarantor of the note.

On December 7, 1987, First Federal attempted to serve notice of the pending suit on Blackgold and Atkinson by having the Secretary of State send a summons by certified mail to the address of Atkinson in Midwest City. The summons was returned undelivered on January 15, 1988. First Federal, by speaking with the grandfather of the defendant, discovered that Atkinson was living in the Scottsdale, Arizona area. First Federal then hired a process server in Arizona, who discovered that one "William Paul Atkinson, II" was living at 9790 E. Caron, Scottsdale, Arizona. He attempted to serve the summons twice at this address but was unsuccessful, either because no one was at home or no one came to answer the door.

After filing an affidavit with the trial court stating that Blackgold and Atkinson could not, with due diligence, be served by any other method, First Federal then attempted by publication to notify both defendants of the pending lawsuit. The notice was published in an Oklahoma newspaper, the Journal Record. Notice by publication was completed one hundred ninety-one days after the petition was filed.[1]

Defendants Blackgold and Atkinson appeared specially to contest jurisdiction, moving to quash the summons and dismiss the action. The basis of this motion was that First Federal knew of the address of the defendants, and was required to serve them personally or by mail. The affidavit of Atkinson stated that his address was 9790 E. Caron, Scottsdale, Arizona, that he had resided at this address for several months, and that no summons or notice by publication had been served on him in person or by mail. The trial court sustained the motion as to Atkinson, but overruled it as to Blackgold, stating that the corporation's registered agent, Atkinson, was no longer a resident of Oklahoma, and thus

Byrne A. Bowman, Oklahoma City, for appellant.

Ron Dirickson, Huckaby, Fleming, Frailey, Chaffin & Darrah, Chickasha, for appellee, First Federal Sav. and Loan Ass'n.

Thomas G. Ferguson, Jr., Kimball, Wilson, Walker & Ferguson, Oklahoma City, for appellee, Red River Federal Sav. and Loan Ass'n.

SUMMERS, Justice:

We are asked by plaintiff lender to legitimize service by publication in a foreclosure case against a domestic corporate borrower where the president and service agent of the corporation had moved from the state to an out of state location reasonably ascertainable by the plaintiff. We cannot do so. Notice by publication under the circumstances was insufficient to afford the defendant corporation the notice and process that was its constitutional due.

On August 4, 1987 First Federal Savings and Loan Association of Elk City brought the foreclosure action against Blackgold Exploration Company, Inc. and its presi-

---

1. Because of our disposition on the insufficiency of the publication notice we need not address the issue of whether notice by publication must be *completed* within 180 days in order to satisfy the statute. 12 O.S.1986 § 2004(C)(3)(a).

notice by publication was proper as to the corporation. Blackgold was thus held in as a party defendant in the District Court.

Blackgold filed a petition for a writ of prohibition with this Court. We refused to assume jurisdiction.[2] Shortly thereafter, the trial court appointed a receiver for the property which was the subject of the foreclosure action. From this Blackgold appealed. The Court of Appeals, in an unpublished opinion, reversed and remanded the case to the trial court for a dismissal without prejudice as to Blackgold. First Federal petitioned for certiorari, which was granted on April 10, 1990. While we agree with the Court of Appeals' result, we do so for reasons other than those stated in its opinion. Thus, we vacate the opinion of the Court of Appeals and reverse the order of the trial court.[3]

Blackgold asserts that the trial court erred in finding that service by publication was proper as to it. The corporation urges that if service was insufficient as to Atkinson in his individual capacity, it was also insufficient as to Atkinson in his capacity as registered agent and president of Blackgold. As authority for this, its central proposition, Blackgold cites 12 O.S.1986 § 2004 and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949).

12 Okla.Stat.1981 § 2004, Subdiv. C states at ¶ 1.c, in part:

"c. Service shall be made as follows:

(3) *Upon a domestic or foreign corporation* or upon a partnership or other unincorporated association which is subject to suit under a common name, *by delivering a copy of the summons and of the petition to an officer,* a managing or general agent, or to any other agent authorized by appointment

or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." [Emphasis added.]

Subdiv. C at ¶ 2 states in part:

"2. a. *At the election of the plaintiff, a summons and petition may be served by mail* by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection, or by the court clerk upon a defendant of any class referred to in division (1), (3) or (5) of subparagraph c of paragraph 1 of this subsection. Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant. [Emphasis added.]

"b. Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee. * * *."

Title 12 O.S.1986 § 2004(C)(3)(a)[4] goes on to provide for service by publication:

Service of summons upon a named defendant may be made by publication when it is stated in the petition, verified by the plaintiff or his attorney, or in a separate affidavit by the plaintiff or his attorney filed with the court, that with due diligence service cannot be made upon the defendant by any other method.

Blackgold urges that due diligence was not used in attempting to serve notice on the company because First Federal knew the address of Atkinson, the company president and registered agent. Since the address was known, Blackgold alleges that notice was required to have been accomplished by personal service or by mail.

---

**2.** Refusal of this court to assume jurisdiction in an action for a writ of prohibition is no barrier to our addressing the correctness of the trial court's action in a timely appeal. *See Mobbs v. City of Lehigh*, 655 P.2d 547, 549 n. 5 (Okla. 1982).

**3.** While this appeal was pending, an entry of appearance was filed by attorneys for Red River Savings and Loan Association as successor in interest of First Federal. For the purposes of

this opinion, we will continue to address the appellee as First Federal.

**4.** Section 2004 has been twice amended since the petition in this case was filed. The present Section 2004 allows for notice on a corporation by serving the Secretary of State *if* neither the registered agent nor an officer can be found at the registered office. *See* 12 O.S.Supp.1989 § 2004(C)(4).

Blackgold claims that the notice requirements of *Mullane* have thus not been met. We agree.

In *Mullane*, the United States Supreme Court addressed the constitutional sufficiency of notice by publication. The Court held that regardless of whether the proceeding was one *in personam* or *in rem*, the Fourteenth Amendment protects a party's right to be heard. *Id.* at 314, 70 S.Ct. at 657. "The fundamental requisite of due process of law is the opportunity to be heard." *Id., quoting Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). Notice must be reasonably calculated, under the particular circumstances of the case, to apprise the interested parties of the pending action. "The common thread of [*Mullane*] is reasonableness." *Union Texas Petroleum v. Corp. Comm'n*, 651 P.2d 652, 658 (Okla. 1982).

> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes. *Mullane*, 339 U.S. at 315, 70 S.Ct. at 657–58.

The Court continued by noting that publication may not be a reliable means of notice, especially if the interested party makes his home outside the circulation area of the newspaper. *Id.* Notice by publication, however, is permissible as a substitute where it is not reasonably practicable or possible to give more adequate notice. The Court distinguished between those parties whose residence was known and those parties whose interests in the subject matter of the action or residence was unknown. As for those parties whose interests or addresses were unknown, notice by publication was constitutionally sufficient. But as for those parties whose address was

known, "notice by publication stands on a different footing." *Id.* at 318, 70 S.Ct. at 659. When the name and address of the interested party is known, "the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." *Id.* Thus, notice by personal service or mail is constitutionally required under these circumstances.

In the more recent case of *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the Supreme Court upheld the ruling of *Mullane* and further explained the situations in which notice by publication is inadequate. Citing *Schroeder v. New York City*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), the Court pointed out that notice by publication is not sufficient when the name and address of the affected party is readily ascertainable from public records. *Mennonite*, 462 U.S. at 797, 103 S.Ct. at 2710. In *Mennonite* the mortgagee recorded a mortgage held on certain property. The mortgagor failed to pay taxes on the property and an action was filed to recover the taxes owed. The mortgagee was not given notice by personal service or by mail. Instead, the only notice given was by publication. The Supreme Court refused to approve such notice as constitutionally sufficient:

> When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane. Id.* 462 U.S. at 798, 103 S.Ct. at 2711.

This Court's rulings have closely paralleled that in *Mullane. See, e.g., Union Texas Petroleum*, 651 P.2d at 658; *Farmers' Union Coop. Royalty Co. v. Woodward*, 515 P.2d 1381 (Okla.1973); *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okla.1968). In *Bomford*, we agreed that notice by publication is insufficient if the address of the interested party is known or is "readily ascertainable from sources at hand." *Id.* at 718. The requirements of due process are not satisfied unless due

diligence is used to find the affected party. *Id.*

██ "Due diligence is a relative term lacking a fixed content." *Id.* The focus is on what steps are necessary to impart actual notice, rather than a formalistic approach to service of process. *Union Texas Petroleum,* 651 P.2d at 658. It presents a question for judicial determination and must be considered in light of the circumstances. If the facts before the court tend to show that the plaintiff conducted a diligent search for the whereabouts of the defendant by exhausting sources such as official records and local directories, the court may agree that notice by publication is sufficient. *Id.*

██ A mere statement that due diligence was used is not sufficient support for the allowance of notice by publication. There must be factual support for the statement, although those facts need not be set forth in the affidavit. *Bomford,* 440 P.2d at 720. For example, in *In re Tammie,* 570 P.2d 332, 334 (Okla.1977), the plaintiff attempted to serve the defendant on several occasions, but "could not catch her," and thereafter plaintiff resorted to publication by notice. The evidence showed that the defendant was in fact living at the address shown on the summons and there was nothing to indicate that the summons had been mailed to her. This Court held "[c]learly the statutory prerequisites [of due diligence] to valid service by publication were not met." *Id.* at 334. The order was held to be void insofar as the trial court did not have jurisdiction because of the inadequacy of notice.

██ Application of these principles to the present case leads us to conclude that notice by publication was insufficient to meet constitutional minimums. The record shows that W.P. Atkinson, II, was the registered agent of Blackgold as appeared in the records of the Secretary of State. It is also clear that First Federal knew the Arizona address of Atkinson, as that address was typed on the return of summons by the Arizona process server. Although First Federal states that it was not positive that "William Paul Atkinson, II" and "W.P. Atkinson, II" were in fact the same person,

we believe that reasonable diligence would have confirmed the identity. Furthermore, we note that this address was sufficiently certain that personal service was attempted there twice. There is nothing in the record to indicate that service by mail was ever attempted at the Arizona address.

In his affidavit, the Arizona process server stated that he could not verify the identity of W.P. Atkinson, II, and that when he attempted personal service, the house at the listed address was occupied, but no one answered the door. This situation is similar to that in *Tammie,* wherein the address was known, but the process server could not "catch her." Here, the address was known to First Federal, but after two attempts, personal service was abandoned because no one answered the door at the address.

██ The burden of affording proper service rests on the plaintiff, First Federal. While First Federal stated in its affidavit that Atkinson could not be located with due diligence, the facts do not support this claim. We also note that Atkinson lived outside the circulation area of the Journal Record, the newspaper in which the notice appeared. Thus, the trial court erred in approving the notice by publication. The mere gesture of attempting personal service does not meet constitutional requirements of due process. *Mullane,* 339 U.S. at 315, 70 S.Ct. at 657. Lack of the constitutionally required notice deprived the trial court of jurisdiction to appoint a receiver for the Blackgold property. *See Tammie,* 570 P.2d at 334.

The trial court's order denying Blackgold's motion to quash and to dismiss is reversed. The matter is remanded to the trial court with directions to sustain the motion.

HARGRAVE, C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON and KAUGER, concur.

OPALA, V.C.J., and SIMMS, J., concur in result.