STATE of Oklahoma, ex rel. Robert HENRY, Attorney General, Appellee,

v.

SEVENTEEN THOUSAND TWENTY-THREE DOLLARS AND THIRTY-SIX CENTS ($17,023.36) IN UNITED STATES CURRENCY,

Robert Isaacs, Appellant.

No. 76664.

Court of Appeals of Oklahoma, Division No. 1.

March 24, 1992.

Jeffrey L. Hatfield, Oklahoma City, for appellant.

Leslie Anne Collum, Gen. Counsel, Oklahoma State Bureau of Narcotics and Dangerous Drugs, Oklahoma City, for appellee.

BAILEY, Judge:

Appellant Robert Isaacs (Isaacs) seeks review of the Trial Court's order denying Isaacs' motion to vacate default judgment granted to Appellee State of Oklahoma (State) in State's forfeiture action. Herein, Isaacs asserts error of the Trial Court in denying his motion to vacate, State having failed to conduct a "distinct and meaning-

ful search of all reasonably available sources to ascertain the whereabouts of ... Isaacs," rendering the notice of forfeiture by publication as was given (and on which State's default judgment rested) fatally flawed.

In June, 1987, officers of the Oklahoma State Bureau of Narcotics and Dangerous Drugs, the Oklahoma City Police Department and the Forest Park Police Department served a search warrant on Isaacs at his place of residence in Oklahoma County. Pursuant thereto, the officers seized, among others, nine (9) pounds of marijuana, drug paraphernalia, several guns and $17,023.36 in currency.

On October 29, 1987, State initiated the instant forfeiture action seeking forfeiture of the currency, and mailed (by registered mail) Notice of Seizure and Forfeiture to Isaacs at his last known address. The Post Office returned the notices unclaimed with the notation, "Moved Left No Address."

In November, 1987, having failed to obtain service of notice by registered mail, State then published Notice of Seizure and Forfeiture in a newspaper of general circulation in Oklahoma County. In March, 1988, upon Isaacs' failure to answer, State obtained judgment by default in the forfeiture action. In October, 1988, Isaacs was finally arrested on drug charges arising from the June, 1987 search and seizure.[1]

In October, 1990, Isaacs filed his motion to vacate the default judgment of forfeiture, asserting failure of State to conduct a meaningful search for Isaacs' whereabouts, commensurate insufficiency of the notice of forfeiture by publication,[2] and

---

1. State alleged in response to Isaacs' motion to vacate and again in its brief here on appeal that Isaacs ultimately "entered a plea of guilty to the criminal charges based upon the evidence found during [execution] of the search warrant."

2. In support of his argument, Isaacs relies on Title 12, Oklahoma Statutes, providing in pertinent part:
   Service of summons upon a named defendant may be made by publication when it is stated in the petition, verified by the plaintiff or his attorney, or in a separate affidavit by the plaintiff or his attorney filed with the court, that with due diligence service cannot

be made upon the defendant by any other method.
12 O.S.Supp.1987 § 2004(C)(3).
And cf., e.g., *Johnson v. McDaniel,* 569 P.2d 977 (Okl.1977) (in action for cancellation of oil/gas lease, all sources must be exhausted in meaningful pursuit of information as to defendant's whereabouts, and notice by publication alone insufficient under due process guarantees where defendant's address was easily obtainable from plaintiff's law firm's files; held, order denying motion to vacate default judgment based on such defective notice by publication reversed); *Bomford v. Socony,* 440 P.2d 713 (Okl.1968) (in quiet title action, due process requires notice by

"that if ... Isaacs could be located for purpose of arrest [in October, 1988] he certainly could have been located for personal service [in October or November, 1987] for purpose of the related currency seizure." In support of the motion to vacate, Isaacs attested to lack of actual notice of the forfeiture action until May, 1990, and to "no actions to hide my whereabouts or otherwise hinder personal service, ... at all times a resident within Oklahoma County, State of Oklahoma." Concurrently, Isaacs also filed an answer to the forfeiture action, asserting invalidity of the 1987 search warrant, the search warrant based on an allegedly insufficient affidavit, and illegality of the seizure under the 1987 search warrant as violative of United States and Oklahoma Constitutional guarantees.

State responded, asserting no statutory requirement for personal service of notice of forfeiture and propriety of notice by publication upon failure of attempted service of notice by registered mail.[3] The Trial Court, "without receiving any in-court testimony, and, after review[ing] only the Court file and the briefs submitted by both parties," denied Isaacs' motion to vacate. Isaacs now appeals.

■ As preliminary matter, we note the rules of statutory construction clearly provide that where two statutes deal with the same subject, one general and one specific, the specific statute controls.[4] Thus, while 12 O.S. § 2004(C)(3) deals with "service of summons" generally (and admittedly requires a showing of "due diligence" to ascertain the whereabouts of interested parties as a condition precedent to notice by publication), 63 O.S. § 2–506(C) specifically deals with notice requirements in

---

3. At the time of the search and seizure of the currency, Title 63 provided in pertinent part:
   A. The following shall be subject to forfeiture:

   . . . . .

   7. All things of value furnished, or intended to be furnished, in exchange for a controlled dangerous substance ..., all proceeds traceable to such an exchange, and all monies ... used, or intended to be used to facilitate violation of the Uniform Controlled Dangerous Substances Act.
   63 O.S.Supp.1986 § 2–503.
   At the time of notice by publication, Title 63 provided:
   B. Notice of seizure and intended forfeiture proceeding shall be filed in the office of the clerk of the district court for the county wherein the such property is seized and shall be given to all owners and parties in interest.
   C. Notice shall be given by the agency seeking forfeiture according to one of the following methods:

   . . . . .

   2. Upon each owner or party in interest whose name and address is known to the attorney in the office of the agency prosecut-

means reasonably calculated to inform parties having legal rights which are to be directly affected, and notice by publication alone not sufficient where adverse parties' names and addresses are known or easily ascertainable; party seeking notice by publication must disclose facts concerning "due diligence" exercised in ascertaining adversaries' whereabouts; held, judgment based on notice by publication not tainted by failure of judgment roll to affirmatively show diligent effort to procure personal service, and judgment affirmed).

ing the action ... by mailing a copy of the notice by registered mail to the last-known address; or
   3. Upon all owners or interested parties, whose addresses are unknown, but who are believed to have an interest in the property, by one publication in a newspaper of general circulation in the county where the seizure was made.
   D. Within sixty (60) days after the mailing or publication of the notice, the owner of the property and any other party in interest or claimant may file a verified answer and claim to the property described in the notice of seizure and of the intended forfeiture proceeding.
   E. If at the end of sixty (60) days after the notice has been mailed or published there is no verified answer on file, the court shall hear evidence upon the fact of the unlawful use and shall order the property forfeited to the state, if such fact is proved.
   63 O.S.Supp.1987 § 2–506.

4. See, e.g., *City of Tulsa v. Smittle,* 702 P.2d 367 (Okl.1985); *Dulan v. Johnston,* 687 P.2d 1045 (Okl.1984); *Ind. Sch. Dist. No. 1 of Tulsa Cty. v. Bd. of Cty. Com'rs. of Tulsa Cty.,* 674 P.2d 547 (Okl.1983); *State ex rel. Murphy v. Boudreau,* 653 P.2d 531 (Okl.1982).

drug related forfeiture actions and makes no requirement for showing of "due diligence" as a condition for notice by publication. We consequently find 63 O.S. § 2–506(C), providing for notice by registered mail, or alternatively notice by publication, controls the methods of notice to be given in drug related forfeiture cases generally, and the present case is specific.

 However, § 2–506 cannot be read to be devoid of constitutional protections. That is to say, § 2–506, by requiring mailing to the last known address, must clearly contemplate some investigation to determine the validity of that last "known" address. In that regard, it is well-established that due process requires notice reasonably calculated to inform interested parties, and due process allows notice by publication only where service of notice on the person cannot reasonably be obtained.[5] A party seeking notice by publication must show the avenues followed in the attempt to locate interested parties for effecting personal service.[6] In the instant case, the record is totally silent on the efforts taken by State, other than by registered mail to a no longer valid address, to locate Isaacs for service of notice of forfeiture.

Under these circumstances, we believe the instant matter should be remanded to the Trial Court for hearing on whether the efforts undertaken by State to give Isaacs notice met due process standards. On remand, if State shows, after failure of notice by mail, a search of reasonable sources of information[7] in a fruitless effort to locate Isaacs' whereabouts, State must be held to have met the requirements of due process, rendering notice by publication justified and proper, and dictating denial of Isaacs' motion to vacate. On the other hand, if State has failed to conduct such a search for Isaacs' whereabouts, due process requires that Isaacs, having no notice of the forfeiture action in accord with due process requisites, be afforded an opportunity to appear and defend on the merits of State's forfeiture action, and dictating vacation of the default judgment.

The order of the Trial Court denying Isaacs' motion to vacate is therefore REVERSED and the cause REMANDED for further proceedings.

GARRETT, P.J., and ADAMS, J., concur.

---

**5.** *Johnson,* 569 P.2d at 981; *Bomford,* 440 P.2d at 718–720.

