2015 OK CIV APP 31

**Susanna Gomez PADILLA, Petitioner/Appellee,**

v.

**Pablo Gonzalez CHACON, Respondent/Appellant.**

No. 112,696.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 6, 2015.

Letitia Ness Brady, Access Law Firm, PLLC, Norman, Oklahoma, for Petitioner/Appellee.

Scott A. Hester, Edmond, Oklahoma, for Respondent/Appellant.

BAY MITCHELL, Presiding Judge.

¶1 Respondent/Appellant Pablo Gonzalez Chacon ("Husband"), seeks review of an order denying his Motion to Vacate Decree of Divorce, or in the alternative, Motion to Set Aside Child Support Order. Because we find the underlying divorce decree was void for want of jurisdiction, we reverse.

¶2 The parties were married in March 2004 and have four children together. The parties separated in the fall of 2004. On January 22, 2007, Wife filed a Petition for Dissolution of Marriage along with her affidavit for service by publication, wherein she stated as follows:

> Affiant further states that [she] does not know and upon diligent inquiry and with due diligent inquiry and with due diligence is unable to ascertain the whereabouts of the said Respondent and is unable, with due diligence, to make service of summons upon said individual within or without the State of Oklahoma by any other method and desires to have service by publication upon said individual.

¶3 On March 8, 2007, a Decree of Divorce and Dissolution of Marriage was entered by default against Husband. The Decree expressly noted he was previously served by publication and he failed to appear. There was no other mention in the Decree of service of process, due diligence or personal jurisdiction over Husband.

¶ 4 On July 3, 2013, Husband filed his Petition to Vacate Decree of Divorce, or in the alternative, Motion to Set Aside Child Support Order. He sought to vacate the decree on the basis of fraud, insomuch as Wife knew his whereabouts at the time of her 2007 filing of her Petition for Dissolution, she failed to effect service of same upon him, and her affidavit for service by publication misrepresented facts concerning her due diligence. Additionally, Husband argued the order be set aside for lack of *in personam* jurisdiction.

¶ 5 Wife's response asserted Husband's abandonment of the family for more than eight years, and her lack of awareness of his location. Additionally, she contended a judicial inquiry had been conducted on March 8, 2007, wherein it was determined that service by publication was proper in this case. Furthermore, she argued Husband's motion to vacate on the basis of fraud was barred by the two-year limitations period set forth in 12 O.S. § 1038.

¶ 6 Following a hearing, the trial court denied Husband's Petition to Vacate Decree of Divorce, or in the alternative, Motion to Set Aside Child Support Order. Husband appeals.

¶ 7 Service of process by publication is generally permitted in divorce actions as in other civil cases. *See* 43 O.S. § 105(D). However, such "notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand." *Bomford v. Socony Mobil Oil Co.,* 1968 OK 43, ¶ 12, 440 P.2d 713, 718. If service is by publication, due process is not satisfied unless due diligence has first been exercised to locate the defendant. *Id.*[1] "Due diligence in ascertaining the whereabouts of defendants served by publication is established when the facts before the court have a legal tendency to show that a diligent search has been made, and the court is satisfied that primary sources at hand, such as local tax rolls, deed records, judicial records and other official

records, as well as available secondary sources, such as a telephone directory, a city directory, or the like, have been exhausted in a meaningful pursuit of information." *Id.* at 715–16 (Syllabus by the Court, ¶ 4). Due process requires "[a]ll sources must be exhausted in a meaningful pursuit of information as to a defendant's whereabouts." *Johnson v. McDaniel,* 1977 OK 167, ¶ 11, 569 P.2d 977, 981.

¶ 8 Rule 16 of the Rules for District Courts of Oklahoma provides in pertinent part as follows:

> When a default judgment sought in any action against a party-defendant who was served solely by publication (i.e., upon whom no notice by mailing was effected), **the judge shall conduct an inquiry either in open court or in chambers** to determine judicially whether plaintiff, or someone acting in his behalf, did make a diligent and meaningful search of all reasonably available sources at hand and failed to ascertain from it the following data:
>
> (a) the whereabouts or mailing address of every person named as defendant who was so served in the action....
>
> ....
>
> If, after hearing the evidence the judge finds that plaintiff did in fact exercise due diligence in conducting a meaningful search, the following recitation should be included in the journal entry of judgment:
>
> 'The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication, and based on the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and

---

1. These principles of due process and the kind of notice that must be given under the circumstances are collectively referred to in Oklahoma jurisprudence as "the Mullane doctrine," as they are derived from *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

the minimum standards of state and federal due process.'

*Id.* (emphasis added).

¶ 9 Husband's primary argument on appeal is the divorce decree is void for lack of *in personam* jurisdiction and subject to vacation due to invalid service by publication in violation of his right of due process.[2] The essence of procedural due process is a "meaningful and fair opportunity to defend." *In re A.M.*, 2000 OK 82, ¶ 9, 13 P.3d 484. We review *de novo* the issue of whether procedural due process rights were violated. *Id.* at ¶ 6.

¶ 10 In this case, although Wife's affidavit generally alleged due diligence in her efforts to locate the whereabouts of her Husband, the record is absent *any* evidence in support of her assertion that a *judicial inquiry* was conducted into the specific facts concerning what methods of due diligence were exercised in conducting a legitimate search. In fact, there is nothing in the record before us that evidences compliance with Rule 16. Due diligence "presents a question for judicial determination which **must be decided in the first instance by the trial court** [and] its jurisdiction over the absent defendants clearly depends upon the resolution of that issue." *Bomford*, 1968 OK 43, ¶ 14, 440 P.2d at 718 (emphasis added). "[T]here must always be" an inquiry by the trial court and determination of whether due diligence was used to locate and serve an absent defendant. *Id.* at 719, ¶ 14.

¶ 11 Notably absent from the record is *any* indicia of a *judicial determination* that Wife exercised due diligence in conducting a meaningful search *and/or trial court approval* of publication as a method of notification. There is nothing in the record demonstrating that any sources, much less that *all* sources were exhausted in a meaningful pursuit of information as to Husband's whereabouts in order to apprise him of the pendency of divorce proceedings. There is no evidence in the record showing Husband had any notice at all of the divorce proceedings prior to the time the default judgment was taken in 2007.[3]

¶ 12 The failure of Wife to comply with the mandates of due process negates jurisdiction over Husband and requires that we reverse the trial court's denial of Husband's motion to vacate. A default judgment such as the underlying Decree of Divorce must be set aside if the trial court had no jurisdiction over the person of the defendant.

¶ 13 The Order denying Appellant's Petition to Vacate the Divorce Decree is REVERSED. The divorce decree is VACATED and this case is REMANDED to the trial court for the further proceeding necessitated hereby.

¶ 14 REVERSED AND REMANDED WITH INSTRUCTIONS.

HETHERINGTON, C.J., concurs; JOPLIN, J., dissents.

---

**2.** This proceeding to vacate default judgment based upon fraud is not barred by the statute of limitations set forth in 12 O.S. § 1038, as that statute expressly permits vacation of a void judgment, decree or order "at any time, on motion of a party, or any person affected thereby."

**3.** Evidence and/or facts pertaining to Husband's knowledge of the divorce acquired post-decree entry cannot overcome the court's lack of jurisdiction at the time the decree was entered. *See Tammie v. Rodriguez*, 1977 OK 182, 570 P.2d 332, 334 (noting "nothing [the party] did after the hearing may retroactively confer jurisdiction on the court and negate the effect of lack of notice.")