OSCN Found Document:PADILLA v. CHACON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PADILLA v. CHACON
2015 OK CIV APP 31
346 P.3d 451
Case Number: 112696
Decided: 03/06/2015
Mandate Issued: 03/31/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 31, 346 P.3d 451

 

IN RE THE MARRIAGE OF SUSANNA GOMEZ PADILLA AND PABLO GONZALEZ 
CHACON:

SUSANNA GOMEZ PADILLA, Petitioner/Appellee,
v.
PABLO 
GONZALEZ CHACON, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA
HONORABLE BERNARD M. JONES, JUDGE

REVERSED AND REMANDED WITH INSTRUCTIONS

Letitia Ness Brady, ACCESS LAW FIRM, PLLC, Norman, Oklahoma, for 
Petitioner/Appellee,
Scott A. Hester, Edmond, Oklahoma, for 
Respondent/Appellant.


Bay Mitchell, Presiding Judge:
¶1 Respondent/Appellant Pablo Gonzalez Chacon ("Husband"), seeks review of an 
order denying his Motion to Vacate Decree of Divorce, or in the alternative, 
Motion to Set Aside Child Support Order. Because we find the underlying divorce 
decree was void for want of jurisdiction, we reverse.
¶2 The parties were married in March 2004 and have four children together. 
The parties separated in the fall of 2004. On January 22, 2007, Wife filed a 
Petition for Dissolution of Marriage along with her affidavit for service by 
publication, wherein she stated as follows:

 
 Affiant further states that [she] does not know and upon diligent inquiry 
 and with due diligent inquiry and with due diligence is unable to ascertain 
 the whereabouts of the said Respondent and is unable, with due diligence, to 
 make service of summons upon said individual within or without the State of 
 Oklahoma by any other method and desires to have service by publication upon 
 said individual.
¶3 On March 8, 2007, a Decree of Divorce and Dissolution of Marriage was 
entered by default against Husband. The Decree expressly noted he was previously 
served by publication and he failed to appear. There was no other mention in the 
Decree of service of process, due diligence or personal jurisdiction over 
Husband.
¶4 On July 3, 2013, Husband filed his Petition to Vacate Decree of Divorce, 
or in the alternative, Motion to Set Aside Child Support Order. He sought to 
vacate the decree on the basis of fraud, insomuch as Wife knew his whereabouts 
at the time of her 2007 filing of her Petition for Dissolution, she failed to 
effect service of same upon him, and her affidavit for service by publication 
misrepresented facts concerning her due diligence. Additionally, Husband argued 
the order be set aside for lack of in personam jurisdiction.
¶5 Wife's response asserted Husband's abandonment of the family for more than 
eight years, and her lack of awareness of his location. Additionally, she 
contended a judicial inquiry had been conducted on March 8, 2007, wherein it was 
determined that service by publication was proper in this case. Furthermore, she 
argued Husband's motion to vacate on the basis of fraud was barred by the 
two-year limitations period set forth in 12 O.S. §1038.
¶6 Following a hearing, the trial court denied Husband's Petition to Vacate 
Decree of Divorce, or in the alternative, Motion to Set Aside Child Support 
Order. Husband appeals.
¶7 Service of process by publication is generally permitted in divorce 
actions as in other civil cases. See 43 O.S. §105(D.). However, such 
"notice by publication is clearly insufficient with respect to one whose name 
and address are known or readily ascertainable from sources at hand." Bomford 
v. Socony Mobil Oil Co., 1968 OK 
43, ¶12, 440 P.2d 713, 718. 
If service is by publication, due process is not satisfied unless due diligence 
has first been exercised to locate the defendant. Id.[1] "Due diligence in 
ascertaining the whereabouts of defendants served by publication is established 
when the facts before the court have a legal tendency to show that a diligent 
search has been made, and the court is satisfied that primary sources at hand, 
such as local tax rolls, deed records, judicial records and other official 
records, as well as available secondary sources, such as a telephone directory, 
a city directory, or the like, have been exhausted in a meaningful pursuit of 
information." Id. at 715-16 (Syllabus by the Court, ¶4). Due process 
requires "[a]ll sources must be exhausted in a meaningful pursuit of information 
as to a defendant's whereabouts." Johnson v. McDaniel, 1977 OK 167, ¶11, 569 P.2d 977, 981.
¶8 Rule 16 of the Rules for District Courts of Oklahoma provides in pertinent 
part as follows:

 
 When a default judgment sought in any action against a party-defendant 
 who was served solely by publication (i.e., upon whom no notice by mailing 
 was effected), the judge shall conduct an inquiry either in open court or 
 in chambers to determine judicially whether plaintiff, or someone acting 
 in his behalf, did make a diligent and meaningful search of all reasonably 
 available sources at hand and failed to ascertain from it the following 
 data:
 (a) the whereabouts or mailing address of every person named as defendant 
 who was so served in the action. . . .
 . . . .
 If, after hearing the evidence the judge finds that plaintiff did in fact 
 exercise due diligence in conducting a meaningful search, the following 
 recitation should be included in the journal entry of judgment:
 'The Court conducted a judicial inquiry into the sufficiency of 
 plaintiff's search to determine the names and whereabouts of the defendants 
 who were served herein by publication, and based on the evidence adduced the 
 Court finds that plaintiff has exercised due diligence and has conducted a 
 meaningful search of all reasonably available sources at hand. The Court 
 approves the publication service given herein as meeting both statutory 
 requirements and the minimum standards of state and federal due 
 process.'
Id. (emphasis added). 
¶9 Husband's primary argument on appeal is the divorce decree is void for 
lack of in personam jurisdiction and subject to vacation due to invalid 
service by publication in violation of his right of due process.[2] The essence of procedural due 
process is a "meaningful and fair opportunity to defend." In re A.M., 2000 OK 82, ¶9, 13 P.3d 484. We review de novo 
the issue of whether procedural due process rights were violated. Id. at 
¶6.
¶10 In this case, although Wife's affidavit generally alleged due diligence 
in her efforts to locate the whereabouts of her Husband, the record is absent 
any evidence in support of her assertion that a judicial inquiry 
was conducted into the specific facts concerning what methods of due diligence 
were exercised in conducting a legitimate search. In fact, there is nothing in 
the record before us that evidences compliance with Rule 16. Due diligence 
"presents a question for judicial determination which must be decided in the 
first instance by the trial court [and] its jurisdiction over the absent 
defendants clearly depends upon the resolution of that issue." Bomford, 
1968 OK 43, ¶14, 440 P.2d at 718 
(emphasis added). "[T]here must always be" an inquiry by the trial court and 
determination of whether due diligence was used to locate and serve an absent 
defendant. Id. at 719, ¶14.
¶11 Notably absent from the record is any indicia of a judicial 
determination that Wife exercised due diligence in conducting a meaningful 
search and/or trial court approval of publication as a method of 
notification. There is nothing in the record demonstrating that any sources, 
much less that all sources were exhausted in a meaningful pursuit of 
information as to Husband's whereabouts in order to apprise him of the pendency 
of divorce proceedings. There is no evidence in the record showing Husband had 
any notice at all of the divorce proceedings prior to the time the default 
judgment was taken in 2007.[3]
¶12 The failure of Wife to comply with the mandates of due process negates 
jurisdiction over Husband and requires that we reverse the trial court's denial 
of Husband's motion to vacate. A default judgment such as the underlying Decree 
of Divorce must be set aside if the trial court had no jurisdiction over the 
person of the defendant.
¶13 The Order denying Appellant's Petition to Vacate the Divorce Decree is 
REVERSED. The divorce decree is VACATED and this case is REMANDED to the trial 
court for the further proceeding necessitated hereby.

¶14 REVERSED AND REMANDED WITH INSTRUCTIONS.

HETHERINGTON, C.J., concurs; JOPLIN, J., dissents.

FOOTNOTES

[1] These 
principles of due process and the kind of notice that must be given under the 
circumstances are collectively referred to in Oklahoma jurisprudence as "the 
Mullane doctrine," as they are derived from Mullane v. Central Hanover Bank 
& Trust Co., 339 U.S. 306 (1950).

[2] This 
proceeding to vacate default judgment based upon fraud is not barred by the 
statute of limitations set forth in 12 O.S. §1038, as that statute 
expressly permits vacation of a void judgment, decree or order "at any time, on 
motion of a party, or any person affected thereby."

[3] 
Evidence and/or facts pertaining to Husband's knowledge of the divorce acquired 
post-decree entry cannot overcome the court's lack of jurisdiction at the time 
the decree was entered. See Tammie v. Rodriguez, 1977 OK 182, 570 P.2d 332, 334 (noting "nothing 
[the party] did after the hearing may retroactively confer jurisdiction on the 
court and negate the effect of lack of notice.")





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1968 OK 43, 440 P.2d 713, BOMFORD v. SOCONY MOBIL OIL CO.
Discussed at Length
 1977 OK 167, 569 P.2d 977, JOHNSON v. McDANIEL
Discussed
 1977 OK 182, 570 P.2d 332, TAMMIE v. RODRIGUEZ
Discussed
 2000 OK 82, 13 P.3d 484, 71 OBJ 2668, IN THE MATTER OF A.M. & R.W.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 105, Petition - Summons
Cited