**CITY OF TULSA, Oklahoma, a municipal corporation, Petitioner,**

v.

**Robert D. SMITTLE and the Workers' Compensation Court, Respondents.**

No. 62870.

Supreme Court of Oklahoma.

May 7, 1985.

Rehearing Denied July 25, 1985.

---

Neal E. McNeill, City Atty., Tulsa, by Steven Vincent, Asst. City Atty., Tulsa, for petitioner.

Richard A. Bell, Tulsa, for respondents.

SUMMERS, Justice.

Original proceeding brought to review an order of the Workers' Compensation Court wherein the review panel affirmed the trial court's order awarding permanent partial disability for injury to the respiratory system and assessed eighteen percent (18%) interest on appeal. Injury resulted from occupational exposure by continued inhalation of and exposure to smoke and fumes during years of employment as a firefighter. The trial court entered an order awarding compensation for fifty-two and a half percent (52.5%) permanent partial disability to the body as a whole for injury to respondent's Respiratory System. The order also found no permanent partial disability to airway passages had been sustained from injury.

Petitioner urges that the order of the trial court should be remanded with instruction to determine the degree of disability to the differing areas of the body. Petitioner argues that the trial court's finding of fifty-two and a half percent (52.5%) permanent partial disability to the respiratory system makes it impossible to tell to

which portion of the Respondent's body the court's order assessed disability. It is claimed, therefore, the order lacks the proper certainty and conformity with expert medical evidence required in workers' compensation cases. For the order to stand it must be separated into permanent partial disability to (1) the air passages and (2) the respiratory system.

The "respiratory system" is medically defined as:

"[T]he tubular and cavernous organs and structures by means of which pulmonary ventilation and gas exchange between blood and ambient air are brought about, also called apparatus respiratorius."[1]

Air passages would fall within this definition of respiratory system. Taken with the fact that the trial court specially found no permanent partial disability to the airway passages, we find no reason for remanding for further specificity as to whether the impairment was to either air passages defects or respiratory impairment; of, if to both, what percent to each. The order is certain on its face.

■ Petitioner further claims the medical evidence is insufficient to support the award. We do not agree. The medical evidence before the court with respect to impairment of the respiratory function ranged from thirty-five percent (35%) to seventy percent (70%). The trial court's award of fifty-two and a half percent (52.5%) impairment was within the range of competent medical evidence. Determination of this fact question rest exclusively with the Workers' Compensation Court, whose findings will not be disturbed on review, when supported by any competent evidence.[2]

■ Petitioner also asserts that the proper rate of interest on appeal of a workers' compensation award is ten percent (10%) pursuant to 12 O.S.Supp.1984 § 727, which states in pertinent part:

"All judgments of courts of record shall bear interest at the rate of fifteen percent (15%) per year, except judgments against this state and its political subdivisions, including ... municipalities ..., which shall bear interest during the term of judgment at an annual rate of ten percent (10%) per year, from the date of rendition...."

In 1984 12 O.S.1981 § 727 was amended in two ways pertinent to this issue. First, the phrase "except the Workers' Compensation Court" was deleted following "All judgments of courts of record" and; second, the interest on judgments against the state and its political subdivisions was reduced from fourteen percent (14%) to ten percent (10%) per year.

Petitioner claims that this language is in conflict with 85 O.S.1981 §§ 3.6 and 42. Section 3.6 provides for interest on compensation awards on appeal at the rate of eighteen percent (18%) per year and Section 42 provides for interest on compensation awards at the rate of eighteen percent (18%) per year until paid. Petitioner urges that although the legislature did not expressly repeal the interest provisions of 85 O.S.1981 §§ 3.6 and 42, the deletion of the Workers' Compensation Court exception from 12 O.S.Supp.1984 § 727 repealed the eighteen percent (18%) interest provisions by implication.

Interest on judgments has been allowed under Oklahoma Statutes since 1895.[3] The rate of interest, set at seven percent (7%) per annum, was amended to six percent (6%) in 1921.[4] The rate of interest remained at six percent (6%) until amended in 1979 to twelve percent (12%) with the rate of interest on judgments against the state and its political subdivisions being set at ten percent (10%). In the 1979 amendment, the "except the Workers' Compensation

---

1. Dorlands Illustrated Medical Dictionary (25 ed.) p. 1534.

2. *Green County Restaurant v. Carmen*, 579 P.2d 1281, 1283 (Okl.1978); *AMF Tubescope Company v. Hatchel*, 547 P.2d 374, 380 (Okl.1976).

3. § 10, art. VI, Chap. 16, Oklahoma Statutes.

4. § 5105, art. VII, Chap. 32, Oklahoma Statutes.

Court" exception was added. In 1982 the rates were amended to fifteen percent (15%) and fourteen percent (14%), respectively. In 1984, the rates were set at fifteen percent (15%) and ten percent (10%), respectively and the Workers' Compensation Court exception was deleted.

On the other hand, 85 O.S.1981 § 42 was enacted in 1945 and allowed interest on compensation awards at the rate of six percent (6%) per annum. The rate stayed at six percent (6%) until amended to eighteen percent (18%) per year in 1977, effective July 1, 1978. 85 O.S.1981 § 3.6 was enacted in the same 1977 amendment and allowed for interest at the rate of eighteen percent (18%) per year on compensation awards which are appealed, if the award is not modified or vacated on appeal.

Historically, therefore, the interest on judgment statutes as now embodied in 12 O.S.Supp.1984 § 727 and 85 O.S.1981 §§ 3.6 and 42, allowing for the interest on compensation awards, have operated independently of one another. In 1977 the interest allowed on compensation awards was set at eighteen percent (18%) per year, while interest on judgments in other courts of record remained at six percent (6%) per annum. When Section 727 was amended in 1979 it went to twelve percent (12%) and ten percent (10%) depending on whether or not the judgment was against the state or one of its political subdivisions. In 1982 it went to fifteen and fourteen percent, respectively; and in 1984 fifteen and ten percent, respectively. Not since prior to the 1977 amendment to Sections 3.6 and 42 have the two rates of interest been the same.

Since 1907 this court has determined the legislative intent as to repeal by implication in accordance with the accepted rules of construction of statutes.[5] In considering the legislative intent when faced with two acts upon the same subject, this court has consistently applied the rule that we should attempt to give effect to both acts if possible. We stated in *Eason Oil Company v. Corporation Commission:*[6]

"Legislative acts are to be construed in such manner as to reconcile different provisions and render them consistent and harmonious and give intelligent effect to each."

We also stated in *AMF Tubescope Company v. Hatchel:*[7]

"When two acts, or parts of acts, are susceptible of construction which will give effect to both without doing violence to either, this construction should be adopted in preference to one which leads to a conclusion that there is a conflict."

Repeals by implication are not favored in law or by this court.[8] The United States Supreme Court agrees:

"It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. (cites omitted). The intention of the legislature to repeal must be 'clear and manifest'."[9] (cites omitted).

The apparent conflict in the instant case is caused by the addition of the Workers' Compensation Court exception in the 1979 amendment and its deletion in the 1984 amendment to 12 O.S. § 727. It should be noted, however, that the addition of the exception in 1979 did *not* change the law with respect to the rate of interest allowed on compensation awards. The rate of interest was set at eighteen percent (18%) by the 1977 legislation enacting section 3.6 and amending section 42. The rate of interest remained at eighteen percent (18%)

---

5. *Huston v. Scott,* 20 Okl. 142, 94 P. 512 (1907).

6. 535 P.2d 283 (Okl.1975), syllabus 2.

7. 547 P.2d 374, 379 (Okl.1976); also see *Abbott v. Board of Trustees of Oscar Rose, etc.,* 586 P.2d 1098, 1101, (Okl.1978).

8. *Wade v. Brown,* 516 P.2d 526 (Okl.1973).

9. *United States v. Borden Co.,* 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939); also see *U.S. v. SCRAGP,* 412 U.S. 669, 696, 93 S.Ct. 2405, 2420, 37 L.Ed.2d 254 (1973); *Federal Trade Commission v. A.P.W. Paper Co.,* 328 U.S. 193, 202, 66 S.Ct. 932, 936, 90 L.Ed. 1165 (1946).

with the addition of the Workers' Compensation Court exception to 12 O.S. § 727 in 1979. We think the better result is that the rate of interest allowed on compensation awards was also not changed by the deletion of the exception in the 1984 amendment.

This construction allows for the reconciliation of 12 O.S.Supp.1984 § 727 with 85 O.S.1981 §§ 3.6 and 42. This construction renders these sections consistent and harmonious by giving intelligent effect to each without doing violence to either.

The deletion of the Workers' Compensation Court exception from 12 O.S. 727 by the 1984 amendment does not repeal by implication the provisions of 85 O.S.1981 §§ 3.6 and 42 allowing for interest on compensation awards at eighteen percent (18%) per year. This being the case, we hold that the general provisions of 12 O.S.Supp.1984 § 727 are not applicable to compensation awards of the Workers' Compensation Court but that the specific provisions of 85 O.S. §§ 3.6 and 42 are applicable and controlling. A long-standing rule of construction in this jurisdiction is that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes something different from the general statute, the special statute, and not the general statute, applies.[10]

The order of the Workers' Compensation Court is sustained.

All Justices concur.

---

10. *Southwestern Bell Tel. Co. v. Oklahoma City,* 618 P.2d 915 (Okl.1980); *Matter of Suntide Inn Motel,* 563 P.2d 125 (Okl.1977); and *Oklahoma* *Natural Gas Co. v. McFarland,* 143 Okl. 252, 288 P. 468 (1930).