**STATE of Oklahoma ex rel. DEPARTMENT OF HUMAN SERVICES, on Behalf of Rukiyia R. MEADOWS, a Minor Child, by Vickey L. MEADOWS, Mother, Appellee,**

**v.**

**Charles Ray GATES, Appellant,**

**v.**

**Ray MEADOWS a/k/a Ray Starr, Third Party Defendant.**

**No. 73485.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 5, 1991.

Betty L. Lawler, Oklahoma City, for appellant.

Pamela K. Padley, Dept. of Human Services, Oklahoma City, for appellee.

OPINION

GARRETT, Presiding Judge:

The Department of Human Services (Appellee) brought a paternity action on behalf

of Vickey L. Meadows (Mother), against Charles Ray Gates (Appellant), alleging he is the natural father of Rukiyia R. Meadows. Appellant filed an answer, generally and specifically denying the allegations in the petition, and requesting dismissal of the action, and attorney fees and costs incurred in the action. Appellant also filed a third-party complaint against Ray Meadows, a/k/a Ray Starr, (Meadows) alleging he is the natural father of the minor child involved. Service was never made on Meadows, and this appeal does not address issues contained in the third-party complaint. HLA blood testing excluded Appellant as the father. Appellee filed a motion to dismiss the action for the reason that "Charles Ray Gates has been excluded as the biological father of Rukiyia R. Meadows by the HLA blood test." On the face of the motion, an order was signed by the trial court, finding the motion should be sustained, and ordering:

> [I]t is therefore ORDERED, ADJUDGED, AND DECREED that said Paternity Petition is hereby dismissed for the reason as set forth in said motion.

The order, filed on March 8, 1989, was dated March 1, 1989. Appellant was not given notice of the motion, and was not informed about the order of dismissal until Appellee wrote Appellant's attorney a letter, dated April 25, 1989, and enclosed a copy of the motion and order. Appellant filed an Application for Attorney Fees on May 11, 1989, pursuant to 10 O.S.Supp. 1987 § 89.3. Appellee makes no contention that the application was untimely filed, for the apparent reason that Appellee had failed to give Appellant notice of the dismissal motion and order when they were filed. A hearing was held, at which time the trial court denied the motion, ruling it had lost jurisdiction of the matter when the paternity petition was dismissed on March 1, 1989. At the hearing, Appellee argued

that the dismissal was made pursuant to 12 O.S.1981 § 684. Appellant argued that the dismissal was mandatory, under the paternity statutes, because the blood test results excluded Appellant as the father. Appellant argued he was the prevailing party.

Appellant contends on appeal that, even with a dismissal under 12 O.S.1981 § 684,[1] he may pursue the claim for affirmative relief which was raised in his answer, i.e., his prayer for attorney fees. Appellee argues that a prayer for attorney fees is not a claim for affirmative relief. We agree. See *Swan–Sigler, Inc. v. Black*, 414 P.2d 300 (Okl.1966).

However, Appellant's failure to seek affirmative relief prior to the dismissal of this action is not dispositive of this appeal. The issue of whether Appellant is a "prevailing party" must be addressed. Appellee contends that Appellant is not a prevailing party in this action because there was no judgment rendered in his favor. This action was brought under the paternity statutes, 10 O.S.Supp.1985 § 70 et seq. (since amended). Section 504 provides for the effect of blood test results done in actions to determine paternity. 10 O.S. Supp.1985 § 504(B) provides that if the evidence shows the defendant is not the father, the evidence "shall be conclusive proof of nonpaternity and the court *shall dismiss the action*." (Emphasis added). 10 O.S.Supp.1987 § 89.3 provides that the prevailing party in an action to determine paternity brought under 10 O.S. § 89 "shall be allowed reasonable costs and attorney fees to be set by the court."

It is argued by Appellee that Appellant is not the prevailing party in this action because there had been no judgment on the merits before a voluntary dismissal was entered. Appellee cites as authority for this argument the case of *General Motors Acceptance Corp. v. Carpenter*, 576 P.2d 1166 (Okl.1978). In *Carpenter*, the Su-

---

**1.** 12 O.S.1981 § 684 provides in part:

A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action....

preme Court was considering whether a § 684 dismissal by plaintiff, in a replevin action under 12 O.S.Supp.1977 § 1580, is predicated on payment of costs which were not paid in that case. The argument was made that § 1580 allowed attorney fees to be assessed in favor of the prevailing party and taxed as costs. As there were no cases noted at that time with regard to attorney fees under § 1580, the Supreme Court cited approvingly cases dealing with attorney fees under different statutes, including *Swan–Sigler, Inc. v. Black*, supra, stating, at page 1167:

> We believe the principles announced in those cases apply. Accordingly, we hold under 12 O.S.Supp.1977 § 1580, the right to attorney fees, taxed as costs, attaches only on behalf of a party who prevails on the merits.

In *Swan–Sigler, Inc. v. Black*, supra, a lien foreclosure action, the Supreme Court stated, at page 302, on the issue of "prevailing party":

> We believe that the use of the words 'prevailing party' by this court in that case [*Keaton v. Branch*, 104 Okl. 287, 231 P. 289 (1924)] meant merely the one for whom judgment is rendered, meaning, of course a judgment upon the validity or invalidity of the lien. In the present case no judgment was entered for or against anyone adjudging that the plaintiff did or did not have a valid lien against the property of the defendants Blacks. The issue of the validity of the lien was removed from this lawsuit by the filing of a voluntary dismissal by the plaintiff. In the Keaton case, however, judgment was rendered for the plaintiff, and under the statute the plaintiff became entitled to recover an attorney fee.

In the present case, Appellee brought this action to determine whether Appellant was the father of the minor child. The dismissal of the action by Appellee was requested because Appellant was found not to be the father of this minor child. To defend the action, Appellant hired an attor-

ney and incurred costs for attorney fees. In our view, Appellant prevailed in this action, because nonpaternity was proved conclusively.[2] Proof of Appellant's nonpaternity prevents a judgment in favor of Appellee. See 12 O.S.1981 § 953, defining "final order". The trial court specifically dismissed this action "for the reason set forth in said motion", i.e., that Appellant was excluded as the biological father by the HLA blood test. The trial court stated at the hearing:

> There's no doubt that Mr. Gates was the, quote, successful party in this matter. He was sued, he was asserted to be a father and he was then thereafter dismissed and the Plaintiff's application states that our tests indicate that he is not, and therefore, Court, will you please dismiss him from this petition, which we did.
>
> So at this moment in time he's out, he's been dismissed, he's no longer before the Court. I think the equities are certainly with Mr. Gates, I—but I don't think the statutory provisions are. . . .

We hold the dismissal in this action, whether pursuant to 12 O.S.1981 § 684 or 10 O.S.Supp.1985 § 504, in effect rendered judgment in favor of Appellant. As such, he was entitled, as prevailing party, to have his application for attorney fees considered, pursuant to 10 O.S.Supp.1987 § 89.3. The order denying Appellant's Application for Attorney Fees is reversed, and this case is remanded with directions to conduct an evidentiary hearing under the guidelines of *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl.1979), to determine a reasonable attorney fee.

REVERSED AND REMANDED WITH DIRECTIONS.

HUNTER, C.J., and HANSEN, J., concur.

---

**2.** This is consistent with the decision reached by the Court of Appeals, Division 4, in its unpublished opinion in the case of *DEPARTMENT OF HUMAN SERVICES o/b/o Katrina Roberts, nat-* *ural mother of Tiffany Roberts, a minor child v. Jerome D. Gipson*, Case Number 72,007 (July 17, 1990).