Dear Director White,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Does 74 O.S. 500.51 (1991) prohibit the payment ofmoving expenses of employees newly hired by the State ofOklahoma? and
 2. Does 74 O.S. 500.51 (1991) apply to institutions ofhigher education in the State of Oklahoma?
 I. NEW EMPLOYEES
¶ 1 Your threshold question is whether employees newly hired by the State of Oklahoma may be paid for the cost of moving expenses pursuant to 74 O.S. 500.51 (1991) which states:
 It is the purpose of this act to provide partial payment by the State of Oklahoma to a certified carrier for the cost of moving any employee permanently transferred at the request of a state agency.
¶ 2 The "act" is defined at 74 O.S. 500.51 (1991), et seq., which was recently amended to provide criminal penalties for authorizing a violation of 74 O.S. 500.55 (1991), which states:
 No state agency shall move the household goods and/or manufactured home of any employee except in compliance with the provisions of this act.
¶ 3 The issue is whether "permanently transferred" employees includes employees newly hired by the State. "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25O.S. 2 (1991). Oliver v. City of Tulsa, 654 P.2d 607 (Okla. 1982). The act defines "permanent transfer" as "a transfer in excess of twenty-one (21) weeks." 74 O.S. 500.52(3) (1991). Thus the question becomes whether the word "transfer" contemplates new employees of the State of Oklahoma. Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. 25 O.S. 1
(1991). "Transfer" in regard to employment has not been construed by Oklahoma courts; however, the Court of Appeals of Kentucky has stated that it clearly implies a continuity of employment or in other words, a job reassignment. Young v. Boardof Education of Graves County, 661 S.W.2d 787, 789 (Ky.App. 1983). This interpretation is supported by the definition of transfer in Webster's Third New International Dictionary, p. 2427: "to go or move to a different place or region to carry on a business or vocation." It appears then that the plain meaning of "transfer" contemplates job reassignment rather than incurring moving expenses to accept an initial contract of employment. Therefore the statute prohibits the payment of moving expenses of new employees.
 II. THE STATE SYSTEM OF HIGHER EDUCATION
¶ 4 Your second question, whether institutions of higher education are prohibited from paying moving expenses under 74O.S. 500.51 (1991), requires an overview of the Oklahoma State System of Higher Education ("State System).
¶ 5 All institutions of higher education supported wholly or in part by direct legislative appropriations are integral parts of the State System and are regulated in part by the Oklahoma State Regents for Higher Education ("State Regents"). Okla. Const. Article XIII-A. The State Regents are a constitutional coordinating board of control for all State institutions of higher education. The management, supervision and control of the institutions in the State System are vested in boards which are of constitutional or statutory origin. Three governing boards of regents are created by the constitution: the Board of Regents of the Agricultural and Mechanical Colleges, Okla. Const. Art. VI, Section 31(a); the Board of Regents of the University of Oklahoma, Okla. Const. article XIII, Section 8; and the Board of Regents of Oklahoma Colleges, Okla. Const. Article XIII-B, Section 1. The rest are established by statute.
 III. CONSTITUTIONAL BOARDS OF HIGHER EDUCATION
¶ 6 To determine whether 74 O.S. 500.51 (1991) applies to the employees of institutions governed by constitutional boards, one must analyze the constitutional powers of the boards in relation to the law-making power of the Legislature.
¶ 7 The Supreme Court of Oklahoma has specifically addressed the powers of the Board of Regents of the University of Oklahoma in Board of Regents of the University of Oklahoma v. Baker,638 P.2d 464 (Okla. 1981). In that case, faculty members brought a mandamus action to compel the Board of Regents to pay them the salary increase prescribed by the Legislature for all state employees. The district court granted mandamus and the Board of Regents appealed to the Supreme Court, arguing that the authority to set faculty salaries is inherent in the power to govern the University and that this constitutional power cannot be exercised by both the Board and the Legislature. Id. at 466. The Supreme Court reversed the decision of the district court and held that the Legislature was restricted from limiting the governing powers granted by the Oklahoma Constitution to the Board. The Court stated that:
 We find that Article XIII, Section 8, of the Oklahoma Constitution establishes the Board of Regents of the University of Oklahoma as an independent body charged with the power to govern the University. . . . The determination of faculty salaries is clearly an integral part of the power to govern the University and a function essential in preserving the independence of the Board.
Baker, 638 P.2d at 469.
¶ 8 Baker establishes the broad authority of the constitutionally created boards of regents to independently govern the institutions and employees under their control. The Court also recognized that:
 Inherent in the constitutional provision granting the Regents their power is the realization that the Board of Regents is the competent body for determining priorities in higher education. An important priority is the hiring and keeping of competent personnel.
Baker, 638 P.2d at 467.
¶ 9 The Court concluded that "decisions about the level and manner of distributing salary increases directly relate to and affect judgments on individual needs and performance as well as institutional needs and resources." The legislatively mandated salary increases interfered with the Board's authority to govern the university and make those independent decisions. Baker,638 P.2d at 469.
¶ 10 It is important to note, however, that the court recognized three areas of permissible legislative regulation over an otherwise autonomous constitutional board:
 First, the Legislature's power of appropriation prevents the Regents from compelling appropriations for salaries. Second, general police power regulations governing private persons and corporations may be applied to the University. Third, legislation regulating public agency activity not generally applicable to the public may be made applicable to the university when the legislation regulates matters of statewide concern not involving internal university affairs.
Baker, 638 P.2d at 468.
¶ 11 These exceptions notwithstanding, decisions about paying the moving expenses of new hirees or transferred employees relate to and affect the hiring and keeping of competent personnel. These personnel decisions are appropriately based on individual needs and on institutional needs and resources.[1]
Therefore, the moving expenses provision of 74 O.S. 500.51
(1991), impermissibly infringes upon the constitutional board's power to decide this personnel issue and thus, the statute does not apply to the employees of higher education institutions governed by the constitutionally created boards.
 IV. STATUTORY BOARDS OF HIGHER EDUCATION
¶ 12 Statutorily created boards are subject to the supreme law-making power of the Legislature. Okla. Const. Article V, Section 36. To determine whether 74 O.S. 500.51 (1991) prohibits the payment of moving expenses to employees of institutions of higher education governed by statutorily created boards, one must look to the rules of statutory construction.[2] On its face, 500.51 applies to all state employees, including employees of institutions governed by statutory boards. However, this application would not controvert a more specific conflicting statute. Under a long-standing rule of statutory construction, where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes something different from the general statute, the special statute, and not the general statute, applies. City of Tulsa v. Smittle, 702 P.2d 367 (Okla. 1985).
¶ 13 The enabling statutes of the statutory boards generally delegate the authority to supervise, manage and control the institutions and to employ and fix the compensation of personnel at these institutions.[3] This general statutory authority does not remove the statutory boards from the more specific statutory requirements of 74 O.S. 500.51 pursuant to theSmittle rule of construction. Section 74 O.S. 500.51 is specific and clearly addresses the prohibition against the payment of moving expenses to a newly hired employee of the state. The enabling statutes are more general in that they do not address moving expenses but rather employment and fixing compensation for such employment. Thus, 500.51 is a specific statute as to moving expenses and controls over the general enabling statutes of the statutory boards.
¶ 14 Similarly, statutes dealing with the same general subject should be construed together in order to arrive at the legislative intent in any particular section. TWA v. McKinley,749 P.2d 108 (Okla. 1988). In 1974, the Legislature enacted 70O.S. 3214 and 70 O.S. 3215 (1991), directing the State Regents to study employee benefit programs including vacation leave and sick leave and salaries and other remunerative benefits of faculty and staff of all colleges and universities in the State System. These statutes do not address the payment of moving expenses and do not conflict with 74 O.S. 500.51
(1991).[4]
¶ 15 Therefore, 74 O.S. 500.51 (1991) applies to employees of institutions governed by statutorily created boards, because the enabling statutes which establish these boards and authorize them to manage and govern the institutions under their jurisdiction, do not conflict with 500.51. See Smittle.
 ¶ 16 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Title 74 O.S. 500.51 (1991) prohibits the payment of moving expenses of employees newly hired by the State of Oklahoma, but does not apply to employees of institutions of higher education governed by constitutionally created boards. Pursuant to Board of Regents of the University of Oklahoma v. Baker, 638 P.2d 464 (Okla. 1981), these boards are not subject to legislation that impermissibly infringes upon an integral part of their power to govern the institutions under their jurisdiction.
 2. Title 74 O.S. 500.51 (1991) prohibits the payment of moving expenses of newly hired employees of statutorily created institutions of higher education in the State of Oklahoma in that the Legislature may regulate the statutory boards in regard to personnel matters and there is no conflict with other legislative enactments.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
SHERIDAN A. McCAFFREE ASSISTANT ATTORNEY GENERAL
[1] Compare, A.G. Opin. No. 91-6.
[2] Your request indicated that a bill had been introduced which would have specifically authorized the payment of moving expenses to newly hired employees of the state system of higher education-however, that bill was not passed by the Legislature. Bills that fall short of passage, much like the testimony of individual lawmakers, are never probative of legislative intent. The legislature's failure to express its will through enacted law constitutes official silence. Allen v. State, ex rel. Board ofTrustees of Oklahoma Uniform Retirement System for Justices andJudges, 769 P.2d 1302 (Okla. 1988).
[3] See, e.g., 70 O.S. 3606 and 70 O.S. 3706 (1991), which respectively provide such governing authority to the Board of Regents of the University of Science and Arts of Oklahoma and the Board of Regents of Northern Oklahoma College.
[4] Compare, A.G. Opin. No. 91-6.