Dear Senate, Ray Giles
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Does 74 O.S. 840.7a (1991), apply to the employees ofthe institutions in the State System of Higher Education?
 2. Does 74 O.S. 840.7a (1991), apply to the employees ofthe University of Science and Arts of Oklahoma (USAO)?
 3. If the answer to question No. 2 is in the affirmative, isUSAO required to reduce the days of sick leave and annual leavewhich an employee may earn, if the accrual rate in effect at USAObefore 1988 exceeded the rates provided in 74 O.S. 840.7a asamended?
 IA. INTRODUCTION
¶ 1 The institutions in the Oklahoma State System of Higher Education ("State System") are governed by boards which are of constitutional or statutory origin. Three governing boards of regents are created by the constitution: the Board of Regents of the University of Oklahoma, Okla. Const. Article XIII, Section 8; the Board of Regents of the Agricultural and Mechanical Colleges, Okla. Const. Article VI, Section 31a; and the Board of Regents of Oklahoma Colleges, Article XIII-B, Section 1. The rest are established by statute.[1]
¶ 2 Your first question is whether the "leave" provisions of74 O.S. 840.7a (1991), apply to all the institutions within the State System. 74 O.S. 840.7a of the Oklahoma Personnel Act (74O.S. 840.1 (1991) et seq.), confers rule-making authority for leave benefits on the Office of Personnel Management. It also provides the accrual rates and accumulation limits of an eligible employee's annual and sick leave.
¶ 3 Members of the exempt unclassified service are subject to the leave regulations of the Oklahoma Personnel Act unless there is specific law to the contrary. 74 O.S. 840.7 (1991).[2]
By virtue of 74 O.S. 840.8(5) (1991), officers and employees of the State System are members of the exempt unclassified service.74 O.S. 840.7a would apply to the institutions within the State System unless there is specific law to the contrary. We must therefore inquire whether there is any applicable law that precludes the application of 74 O.S. 840.7a (1991) to these institutions.
 IB. CONSTITUTIONAL BOARDS
¶ 4 As stated above, the State System has two types of governing boards, constitutional and statutory. To determine whether 74 O.S. 840.7a (1991), applies to the employees of the institutions governed by the constitutional boards, it is necessary to look at the Oklahoma Supreme Court's holding in theBoard of Regents of the Univ. of Oklahoma v. Baker,638 P.2d 464 (Okla. 1981).
¶ 5 In Baker, the court stated, in dicta, that determining benefits and compensation of the staff and faculty was the responsibility of the governing board of the university. In that case, faculty members brought a mandamus action to compel the Board of Regents of the University of Oklahoma to pay them the salary increase prescribed by the Legislature for all state employees. The district court granted mandamus and the Board of Regents appealed to the Supreme Court, arguing that the statute was an impermissible encroachment on the Board's authority. The Supreme Court reversed, holding that the Legislature was restricted from limiting the governing powers granted by the Oklahoma Constitution to the Board. The court stated that:
 We find that Article XIII, Section 8, of the Oklahoma Constitution establishes the Board of Regents of the University of Oklahoma as an independent body charged with the power to govern the University. . . . The determination of faculty salaries is clearly an integral part of the power to govern the University and a function essential in preserving the independence of the Board.
Baker, 638 P.2d at 469.
¶ 6 Baker establishes the broad authority of the constitutionally created boards of regents to independently govern the institutions and employees under their control. The court also recognized that:
 Inherent in the constitutional provision granting the Regents their power is the realization that the Board of Regents is the competent body for determining the priorities in higher education. An important priority is the hiring and keeping of competent personnel.
Baker, 638 P.2d at 467.
¶ 7 The court concluded that "[d]ecisions about the level and manner of distributing salary increases directly relate to and affect judgments on individual needs and performance as well as institutional needs and resources." The legislatively mandated salary increases interfered with the Board's authority to govern the university and make those independent decisions.[3]638 P.2d at 469.
¶ 8 As in Baker, decisions about leave benefits relate to and affect personnel decisions based on individual needs and on institutional needs and resources. The Baker case is therefore precedence for our opinion that the leave benefit provisions of74 O.S. 840.7a (1991) do not apply to the employees of the institutions governed by the constitutionally created boards.
 IC. STATUTORY BOARDS
¶ 9 To determine whether 74 O.S. 840.7a (1991), applies to the employees of the institutions governed by the statutorily created boards, we must review the rules of statutory construction. Under the rules of statutory construction, a specific statute that addresses the matter at issue controls over a statute of general application. City of Tulsa v. Smittle,702 P.2d 367 (Okla. 1985).
¶ 10 The enabling statutes creating the statutory boards generally delegate specific governance authority to these boards.[4] The powers and duties clauses of these statutes generally include the authority to control, supervise and manage the institutions, and to employ and fix the compensation of personnel at these institutions.[5] While as a rule with ordinary state agencies, such authority does not remove them from the provisions of 74 O.S. 840.7a, there is clear evidence of legislative intent to the contrary with regard to statutorily created boards of regents.
¶ 11 In 1974, the legislature enacted 70 O.S. 3214 (1991), directing the State Regents to study employee benefit programs and to establish uniform guidelines for the institutions within the State System. Title 70 O.S. 3214 (1991) provides:
 The Oklahoma State Regents for Higher Education are hereby authorized and directed to make a study of all employee benefit programs at institutions including group insurance, retirement, annuities, vacation leave, sick leave, sabbatical leave, and the like, and to establish appropriate guidelines for meeting this type of needs of personnel at institutions. . . . It is the intention of the Legislature that guidelines formulated by the State Regents shall provide policy direction for the establishment and maintenance of uniform and equitable benefits to faculty, staff and other employees of the various institutions that make up the constituency of The Oklahoma State System of Higher Education. (Emphasis added).
¶ 12 The language of 70 O.S. 3214 indicates legislative intent that employee benefit policy guidelines for all institutions are to be formulated by the State Regents. It further implies that the actual establishment of benefits is the responsibility of various institutions. The statutory language, we believe, clearly evidences a legislative understanding that it is the institutions, not the Offfice of Personnel Management, which make these decisions. There is no indication in the statute that the legislature intends to treat institutions differently with respect to benefits, based on their constitutional or statutory origin; on the contrary the statute's obvious goal is to encourage uniformity in benefits among all institutions.
¶ 13 In answer to your first question, then, 74 O.S. 840.7a
(1991), does not apply to employees of the institutions in the State System. 74 O.S. 840.7a does not apply to the employees of the institutions governed by the constitutionally created boards, because, under Baker, these boards are not subject to legislation that impermissibly infringes upon an integral part of their power to govern the institutions under their jurisdiction.74 O.S. 840.7a does not apply to the employees of institutions governed by the statutorily created boards, because the specific enabling statutes which establish these boards and authorize them to manage and govern the institutions under their jurisdiction, control over 74 O.S. 840.7a which is of general application.
 II.
¶ 14 Your second question is whether the provisions of 74 O.S.840.7a (1991), apply to the employees of the University of Science and Arts of Oklahoma ("USAO"),[6] an institution in the State System. USAO is governed by a statutory board. 70 O.S.3602 and 70 O.S. 3606 (1991).
¶ 15 This board has substantially identical powers and duties to the other statutory boards discussed herein, and specifically has the authority to "[e]mploy and fix the compensation and duties of such personnel as it deems necessary." 70 O.S. 3606
(1991). Therefore, under the same analysis utilized above regarding the statutory boards in general, 840.7a does not apply to the employees of USAO.
¶ 16 In view of our response to the second question, we do not need to answer the third question.
¶ 17 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Title 74 O.S. 840.7a (1991), does not apply toemployees of the institutions in the State System of HigherEducation. 74 O.S. 840.7a does not apply to the employees ofthe institutions governed by the constitutionally created boards.Pursuant to Board of Regents of the Univ. of Oklahoma v.Baker, 638 P.2d 464 (Okla. 1981), these boards are not subjectto legislation which impermissibly infringes upon an integralpart of their power to govern the institutions under theirjurisdiction. 74 O.S. 840.7a does not apply to the employeesof institutions governed by the statutorily created boards,because the specific enabling statutes establishing these boardsand authorizing them to manage and govern the institutions undertheir jurisdiction control over 74 O.S. 840.7a, which is ofgeneral application.
 2. Title 74 O.S. 840.7a (1991), does not apply to theemployees of the University of Science and Arts of Oklahoma,because 70 O.S. 3606 (1991), which empowers its Board ofRegents to manage and govern the University and employ and fixthe compensation of its personnel, controls over 74 O.S.840.7a.
SUSAN BRIMER LOVING ATTORNEY GENERAL
YASODHARA MOHANTY ASSISTANT ATTORNEY GENERAL
[1] See, e.g., 70 O.S. 1991, §§ 3702[70-3702], et seq., establishing the Board of Regents of Northern Oklahoma College; and 70 O.S.1991, §§ 3802[70-3802] et seq., establishing the Board of Regents of Rogers State College.
[2] Section 840.7 reads in relevant part:
Unless otherwise provided, offices and positions in the unclassified service are in no way subject to any of the provisions of this act or of the rules and regulations promulgating hereunder except leave regulations.
[3] See also, A.G. Opin. No. 87-109.
[4] See, e.g. 70 O.S. 1991, § 3606[70-3606] and 3706, which respectively provide such governing authority to the Board of Regents of the University of Science and Arts of Oklahoma and the Board of Regents of the University of Science and Arts of Oklahoma and the Board of Regents of Northern Oklahoma College.
[5] Id.
[6] The name of the institution changed from Oklahoma College of Liberal Arts to University of Science and Arts of Oklahoma by Laws 1974, p. 722, S.J.R. No. 27, § 8. See, 70 O.S. 1991, §3601.1[70-3601.1].