Dear Auditor and Inspector Scott,
¶ 0 Attorney General Loving has received your letter requesting an Attorney General Opinion addressing, in effect, the following question:
May funds credited to the county resale property fund be used topay the salaries of individuals on the district attorney'spayroll or for the cost of computer equipment used by thedistrict attorney?
¶ 1 The resale property fund is created pursuant to the provisions of 68 O.S. 3137 (1991), which provides in pertinent part:
 (a) All penalties, interest and forfeitures which may accrue on delinquent ad valorem taxes, whether real or personal, tangible or intangible, on any properties, persons, firms or corporations within any county, city, town or school district within a county; the proceeds of sale of property acquired by the county at resale, the proceeds of leases, rentals and other royalties arising from the management, control and operation by the county commissioners of property acquired by the county at resale, when collected shall be credited to and accounted for in a special cash fund to be styled the "resale property fund" of such county.
¶ 2 Subsection (b) of 68 O.S. 3137(b)(1) mandates that the fund be "dedicated, insofar as may be necessary, to the enforcement of the tax laws of the state" and provides a list of authorized expenditures. Subsection (b)(1) allows the following expenditures:
 For the purchase of necessary records, printing, supplies and equipment, and the employment of necessary clerical personnel, either on whole or part-time basis, in connection with delinquent personal tax lists and personal tax warrants, delinquent real estate tax lists and lists of unredeemed delinquent real estate subject to tax sale or resale, such costs to be limited to those incurred by the county treasurer. (Emphasis added.)
¶ 3 There is no statutory authority allowing for payment of any district attorney expenses from the resale property fund. It is well established law in Oklahoma that when the language of a statute is plain and unambiguous and its meaning clear, no rules of construction are used and its evident meaning must be accepted. Jackson v. Independent School District No. 16,648 P.2d 26 (Okla. 1982). It is clear that the subsection (b)(1) costs must be those of the county treasurer and not the district attorney.
¶ 4 Counties are authorized to pay necessary expenses resulting from the prosecution or defense of any action on behalf of the county. Title 19 O.S. 215.37K (1991) provides in pertinent part:
 Payment by the county to the office of the district attorney for the costs and necessary expenses of investigation, prosecution or defense of any action, actual or contemplated on behalf of said county, called for by Section 215.4 of Title 19 of the Oklahoma Statutes, shall be made upon certification of the amount of such expense by the district attorney by the filing of a regular purchase order with the county commissioners for payment out of their account for general government operation, or other account, as may be appropriate.
¶ 5 Authorized payments must be made out of the account for general government operations, i.e. the general fund, or other appropriate account. Where there are two statutory provisions, one of which is specific and clearly includes the matter in controversy, and prescribes something different from the general statute, the specific statute, and not the general, applies.City of Tulsa v. Smittle, 702 P.2d 367 (Okla. 1985). Subsection b(1) of 68 O.S. 3137(b)(1) limits resale property fund expenditures to those incurred by the county treasurer and therefore is applicable in this case instead of the general authority of a county to make expenditures on behalf of the district attorney's office. Because resale property fund expenditures are limited to specific costs incurred by the county treasurer, the resale property fund is not an "appropriate" fund for payment of district attorney expenses.
¶ 6 It is therefore the official opinion of the AttorneyGeneral that funds credited to the resale property fund may notbe used to pay salaries of individuals on the district attorney'spayroll or the cost of computer equipment used by the districtattorney.
SUSAN BRIMER LOVING Attorney General of Oklahoma
DOUGLAS F. PRICE Assistant Attorney General