893 P.2d 1019 (1995)
STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES, on Behalf of MICHAEL AARON, a minor child, by Rose McBRIDE, mother, Appellees,
v.
Tommy S. PERKINS, Appellant.
83076.
Court of Appeals of Oklahoma, Division No. 1.
March 7, 1995.
William S. Murphy, Jr., Laura Beth Murphy, Oklahoma City, for appellant.
Elizabeth S. Wilson, Oklahoma City, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

MEMORANDUM OPINION
HANSEN, Presiding Judge:
On October 13, 1981, Appellee Rose McBride was certified for Aid to Families with Dependent Children benefits (AFDC) and assigned her right to receive child support to the State of Oklahoma, ex rel., Department of Human Services Child Support Enforcement Unit (State).
On July 7, 1994, State filed a paternity petition naming Defendant, Tommy S. Perkins (Perkins) and Arlie Tolleson as alleged fathers and defendants. On September 17, 1993, Perkins filed an answer to the petition denying all of the allegations and requesting he be dismissed with his costs.[1]
At the show cause hearing, Perkins denied paternity. The trial court entered an order to appear for blood testing, and set a further hearing to determine all issues on January *1020 19, 1994 at 9:00 a.m. On December 22, 1993, State's lab expert reported his conclusion, based on the blood tests, that Perkins was excluded from paternity and could not be the biological father of McBride's minor child.
On January 18, 1994, State announced to the trial court's clerk, by telephone, that it was dismissing its paternity case against Perkins. Thus, State did not appear at the 9:00 a.m. scheduled hearing on January 19th. Also on January 18th, Perkins filed a motion to dismiss with prejudice based on the blood test exclusion, and his request for attorney fees and costs pursuant to 10 O.S. 1987 Supp. § 89.3.
Also, on January 19th, State filed a "Dismissal" of its petition against Perkins pursuant to 12 O.S. 1991 § 684. That same date, State learned of Perkins' motion to dismiss and its motion for costs and attorney fees. Therefore, State agreed to argue Perkins' motions at State's regular child support docket that date at 1:30 p.m.
After hearing argument on the motions, the trial court entered an order which states, in part:
THE COURT FINDS that the Plaintiff has filed a Dismissal of this case this date, therefore the Defendant's Motion to Dismiss is moot, and the Defendant's Request for a Dismissal and Assessment of Costs and Attorney's Fees is denied, and it is so ORDERED, ADJUDGED AND DECREED by the COURT, Exception Allowed Defendant.
The trial court overruled Perkins' motion to reconsider. Perkins appeals.
Perkins argues State conceded the fact he was not the biological father of McBride's minor child, and to avoid his motion to dismiss and assess costs and attorney fees, dismissed its cause of action without prejudice. He further complains that under the evidence and the law, he is a prevailing party, and is entitled to the finding he is not the biological father, and that this case should be dismissed on the merits and he should be awarded his attorney fees and costs pursuant to § 89.3, which provides:
In an action to determine paternity brought pursuant to Section 89 of Title 10 of the Oklahoma Statutes, the prevailing party shall be allowed reasonable costs and attorney fees to be set by the court.
State submits 12 O.S. 1991 § 941 allows attorney fees to be awarded against the state only upon proof it acted unreasonably. However, this statute applies only to any action by the state. Instead, § 89.3, the specific statute, deals with attorney fees in paternity actions and controls here. To hold otherwise would mean no prevailing party statute could ever be used to assess attorney fees against a state entity, although the state could receive attorney fees in these actions if it prevails. This is clearly not the intent of the Legislature.
In State ex rel. DHS v. Gates, 808 P.2d 995 (Okla. App. 1991), the defendant in a paternity action filed his answer denying the petition's allegations and requested dismissal of the action, costs and attorney fees. The defendant was excluded as the biological father by blood test, and the State filed a motion to dismiss for the reason the defendant had been excluded as biological father by blood test. The trial court sustained the State's motion to dismiss for the reasons set forth in the motion. The State argued the defendant was not the prevailing party in the action because there had been no judgment on the merits before a voluntary dismissal was entered. This Court found:
To defend the action, Appellant hired an attorney and incurred costs for attorney fees. In our view, Appellant prevailed in this action, because nonpaternity was proved conclusively. Proof of Appellant's non-paternity prevents a judgment in favor of Appellee. See 12 O.S. 1981 § 953, defining "final order." The trial court specifically dismissed this action "for the reason set forth in said motion," i.e., that Appellant was excluded as the biological father by the HLA blood test... . We hold the dismissal in this action, whether pursuant to 12 O.S. 1981 § 684[2] or 10 O.S.Supp. 1985 *1021 § 504,[3] in effect rendered judgment in favor of Appellant. As such, he was entitled, as prevailing party, to have his application for attorney fees considered, pursuant to 10 O.S.Supp. 1987 § 89.3....
Herein, State attempts to distinguish Gates, supra, complaining that in the instant case, the trial court did not specifically dismiss the paternity action against Perkins. Thus, there was no judgment on the merits, and Perkins could not be the prevailing party entitled to costs and attorney fees pursuant to § 89.3.[4]
We disagree. The results of the blood test was conclusive proof of Perkins' nonpaternity. Proof of Perkins' nonpaternity prevents judgment in favor of State. The trial court's order had the effect of dismissing the paternity action against Perkins. Perkins is the prevailing party in this action, and as such, is entitled to attorney fees and costs pursuant to § 89.3. The trial court abused its discretion in overruling Perkins' motion to reconsider.
REVERSED and the cause REMANDED with directions to conduct an evidentiary hearing under the guidelines of State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979) to determine a reasonable attorney fee and costs.
CARL B. JONES, J., concurs with special opinion.
JOPLIN, J., dissents with separate opinion.
CARL B. JONES, Judge, specially concurring:
It is my judgment that the opinion adopted in this cause correctly applies the applicable law. I write to notice, however, that the State is required to identify parents and establish paternity in order to assure child support is available to children of this State. At the same time the responsible agency is required to forward attorney's fees to each party erroneously identified in an attempt to accomplish the duties given to it, which creates a built-in expense the Legislature should be cognizant of.
JOPLIN, Judge, dissenting.
As a policy matter, I believe a defendant who is charged with paternity, but who, after blood test, is excluded as biological father, should recover his reasonable costs and attorney fees incurred in the defense of the paternity action as the prevailing party pursuant to 10 O.S. § 89. See, State ex rel. Department of Human Services v. Gates, 808 P.2d 995 (Okla. App. 1991). However, reading *1022 10 O.S. § 89 and 12 O.S. § 941 in harmony as I must, I further believe § 941 specifically conditions the award of prevailing party attorney fees in paternity cases brought by the state on a preliminary finding "that the action was brought without reasonable basis or is frivolous." See, e.g., City of Tulsa v. Smittle, 702 P.2d 367 (Okl. 1985) (where two statutes deal with the same subject matter, one specific and on general, the specific statute controls, with both the general and specific statutory provision given harmonious effect); accord, Beidleman v. Belford, 525 P.2d 649 (Okl. 1974); Matter of Guardianship of Campbell, 450 P.2d 203 (Okl. 1966). In the present case, I would therefore reverse the order of the trial court dismissing appellant's application for fees and costs as moot, and would remand the matter to the trial court for a § 941 determination of whether "the action was brought without reasonable basis or [was] frivolous."
NOTES
[1] State has not obtained service on the defendant, Arlie Tolleson.
[2] Section 684 provides:

A plaintiff may, on the payment of costs and without an order of the court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. Any defendant or intervenor may, in like manner, dismiss his action against the plaintiff, without an order of court, at any time before the trial is begun, on payment of the costs made on the claim filed by him. All parties to a civil action may at any time before trial, without an order of court, and on payment of costs, by agreement, dismiss the action. Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the word "with prejudice: be expressed therein.
[3] Section 504(B) provides:

B. If the court finds that the evidence based upon the medical, scientific, and genetic tests, shows that the defendant is not the parent of the child, said evidence shall be conclusive proof of nonpaternity and the court shall dismiss the action.
[4] State also argues Appellee McBride is the real party in interest against whom Perkins must seek and award of attorney fees. This argument is without merit. State is the real party in interest; it brought the action in its own name for pecuniary gain pursuant to 10 O.S. 1994 Supp. § 89(G) which provides:

G. Attorneys for the Department of Human Services may appear or initiate an action brought under this section on behalf of"
1. A recipient of Aid to Families with Dependent Children; or
2. A person not receiving Aid to Families with Dependent Children, including but not limited to the putative father, upon the request of such person and proper application pursuant to rules and regulations adopted by the Department. A reasonable fee and costs may be assessed for the services by the Department.