Dear Director Langley,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following questions:
1. Does 74 O.S. 1991, § 150.8[74-150.8](F) authorize a formermunicipal police officer who has been hired as an agent with theOklahoma State Bureau of Investigation ("the Bureau" or "OSBI")to remain a contributing member in the Oklahoma Police Pensionand Retirement System or must the individual become a member ofthe Oklahoma Law Enforcement Retirement System pursuant to 47O.S.Supp. 1995, § 2-300(6)?
2. If 74 O.S. 1991, § 150.8(F) authorizes the formermunicipal police officer, who has been hired as an agent by theOklahoma State Bureau of Investigation, to remain a contributingmember of the Oklahoma Police Pension and Retirement System, isthe Bureau required to make employer contributions to either theOklahoma Law Enforcement Retirement System or the Oklahoma PolicePension and Retirement System?
3. If a non-commissioned employee of the Oklahoma State Bureauof Investigation, who is a member of the Oklahoma PublicEmployees Retirement System, becomes a commissioned employee as aresult of a personnel action, does the employee:
a. Continue membership in the Oklahoma Public EmployeesRetirement System and also become a member of the Oklahoma LawEnforcement Retirement System;
b. Elect membership in either the Oklahoma Public EmployeesRetirement System or the Oklahoma Law Enforcement RetirementSystem; or
c. Become a member of the Oklahoma Law Enforcement RetirementSystem only?
¶ 1 Your questions concern the various participation and contribution requirements mandated under the statutes of the Oklahoma Law Enforcement Retirement System ("OLERS"), 47 O.S.1991 and Supp. 1995, §§ 2-300 to 2-313, the Oklahoma Police Pension and Retirement System ("OPPRS"), 11 O.S. 1991 and Supp.1995, §§ 50-101 to 50-136, and the Oklahoma Public Employees Retirement System ("OPERS"), 74 O.S. 1991 and Supp. 1995, §§901 to 943, in the specific context of the OSBI hiring and/or promoting commissioned and non-commissioned officers.
¶ 2 In order to respond to your inquiries, it will be necessary to examine and construe several provisions of these State retirement acts, as well as the statutes relating to the OSBI,74 O.S. 1991 and Supp. 1995, §§ 150.1 to 150.34. In construing a statute, the fundamental rule is to determine and give effect to the legislative intent. Jackson v. Independent SchoolDistrict No. 16, 648 P.2d 26, 29 (Okla. 1982). Generally, the "determination of legislative intent controls the statutory interpretation," and such "intent is ascertained from the whole act in light of its general purpose and objective." See Smicklasv. Spitz, 846 P.2d 362, 366 (Okla. 1992). Because your first two inquiries concern the same subject matter, we will address them together.
 I.
¶ 3 Your first two questions essentially ask whether 74 O.S.1991, § 150.8[74-150.8](F) supersedes the mandatory membership provisions of the OLERS statutes and allows a former municipal police officer who has been hired as an agent with the OSBI to remain a contributing member in OPPRS. You further inquire as to whether the OSBI would be required to make contributions to OLERS or OPPRS if it is determined that Section 150.8(F) takes precedence over the OLERS mandatory requirements. Subsection F provides:
 Appointment to any position in the State Bureau of Investigation shall not jeopardize the rights of any person under any other system under which peace officers of this state or its subdivisions may become pensioned, provided that the individual contributions are continued as if such person were in the original organization within which he qualified for such pension.
74 O.S. 1991, § 150.8[74-150.8](F) (emphasis added).
¶ 4 From a review of the plain language of Section 150.8(F), it is apparent that the Legislature intended that any individual who accepts a position within the OSBI will not have his pension rights jeopardized by virtue of accepting employment.
¶ 5 However, under the OLERS statutes, an OLERS "member" is defined as:
 [A]ll law enforcement officers of the Oklahoma Highway Patrol and the State Capitol Division of the Department of Public Safety and all commissioned officers in . . . the Oklahoma State Bureau of Investigation . . . designated to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of this state. . . .
47 O.S.Supp. 1995, § 2-300[47-2-300](6).
¶ 6 The OLERS act further requires that:
 Any person eligible to become a member of the System shall file a written application therefor with the Board, and shall continue thereafter as a member of the System so long as the employee meets membership requirements.
47 O.S. 1991, § 2-302[47-2-302](A) (emphasis added).
¶ 7 Ordinarily, the use of the word "shall" in a legislative enactment carries with it the presumption that the direction is mandatory. Oklahoma Alcoholic Beverage Control Board v. Moss,509 P.2d 666, 668 (Okla. 1973). By virtue of the plain language used in the OLERS statutes, it is apparent that the Legislature also intended mandatory membership for all commissioned OSBI employees.
¶ 8 This office has opined upon the statutory provisions found within 74 O.S. 1991, § 150.8[74-150.8](F) on at least two prior occasions.[1] The Attorney General first responded to an inquiry similar in nature to your present questions and construed the language in Section 150.8(F) in the following manner:
 It is clear from a plain reading of the statute that a peace officer who is appointed to a position in the State Bureau of Investigation may continue his participation in the pension plan of the city where such officer was employed prior to his appointment . . . upon the condition that individual contributions are continued to such pension system in the same manner as when the officer was in the employ of the city.
A.G. Opin. 75-345.
¶ 9 As part of the official Opinion, the Attorney General determined that:
 There is no statutory obligation on either the city or the state in such situation to make any contribution to the pension system on behalf of such individual. [The statute] provides the statutory authority for the individual to continue such contributions as are necessary to ensure his right to continue his participation in the local pension system.
A.G. Opin. 75-345.
¶ 10 About six months later, in an effort to clarify certain contribution issues remaining from Opinion 75-345, the Attorney General opined:
 We have heretofore determined, in [A.G. Opin. 75-345] that under [74 O.S. 1991, § 150.8[74-150.8](F)], it is the individual's responsibility to ensure that contributions made to the local system on his behalf are continued following his association with the Bureau of Investigation. We now hold that the contributions are to be computed in the same manner as when the individual was in the employ of the city. In other words, contributions are to be computed on the basis of such individual's current monthly salary payable in the same percentage that the regular police officers of the municipality contribute of their monthly salaries. With respect to the contributions formerly made by the city, the individual must contribute in the same percentage from his current monthly salary as the municipality appropriates on behalf of its officers.
A.G. Opin. 76-222.
¶ 11 Thus, it has been firmly established by this office that the provisions contained within Section 150.8(F) authorize a former municipal police officer who has been hired by the OSBI, the opportunity to remain a contributing member of the retirement system of which he was a member while employed by the municipality, so long as the individual continues to remit the appropriate percentage of both the employee and the employershare of the contributions to the former system.
¶ 12 Under a present application of the decisions enunciated in Attorney General Opinions 75-345 and 76-222, the OPPRS would constitute the municipal officer's former pension plan in that all municipal police retirement systems merged into one statewide system in 1981.[2] Assuming the affected OSBI employee would elect to remain with the OPPRS, that individual would then be responsible for paying eight percent (8%) of his actual paid base salary as the employee share of contribution based upon the requirements of 11 O.S.Supp. 1995, § 50-110[11-50-110](A). The individual would further be required to pay twelve and one-half percent (121/2%) of his actual paid base salary, representing the employer's share of the contribution to OPPRS per 11 O.S. 1991,§ 50-109[11-50-109](6).
¶ 13 It should noted that neither Attorney General Opinion 75-345 nor 76-222 expressly analyzed the provisions of Section 150.8(F) in relation to the mandatory membership requirement provisions of another State retirement system. Obviously, the resolution of this critical issue is the cornerstone in successfully answering your present questions.
¶ 14 It is a well known rule of statutory construction that legislative action "be construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each." Eason OilCompany v. Corporation Commission, 535 P.2d 283, 286 (Okla. 1975); City of Tulsa v. Smittle, 702 P.2d 367, 370 (Okla. 1985). Where there are two statutes which may be interpreted as being in conflict with one another, a construction of both statutes "giving effect to both without doing violence to either . . . is preferred over one that may be productive of conflict between them." Grand River Dam Authority v. State,645 P.2d 1011, 1019 (Okla. 1982). If one statute appears to contradict the other, then both "are to be interpreted in such manner as to give effect to both of them if possible." Citicorp Savings and TrustCo. v. Banking Board, 704 P.2d 490, 494 (Okla. 1985).
¶ 15 While it is true that membership in OLERS by eligible employees can be viewed as mandatory under 47 O.S.Supp. 1995, §2-300[47-2-300](6), it is also true that through Section 150.8(F), the Legislature clearly envisioned a circumstance wherein municipal police officers might ultimately become employed by the OSBI. As such, the Legislature must have realized that such new employment might affect or even harm the existing pension rights of the former municipal police officer. If a former municipal police officer was required to join the OLERS upon employment with the OSBI, that individual would be limited to transferring a maximum of five (5) years of service credit from the former pension plan.47 O.S. 1991, § 2-307.3[47-2-307.3]. Additionally, such credit would have to be purchased on an expensive actuarial cost basis. Id. and47 O.S.Supp. 1995, § 2-307.5[47-2-307.5].
¶ 16 It is a better construction of the two competing statutes to adhere to our previous two opinions regarding the language in Section 150.8(F), and allow the affected individual the option of maintaining any accrued retirement rights under the former retirement system upon the condition that contributions are continued in the manner prescribed above. Should the individual elect not to continue his membership in the OPPRS and not make the employee and employer share of contributions, that individual must make written application for membership with OLERS and begin making contributions to the OLERS fund pursuant to 47 O.S. 1991,§ 2-304[47-2-304](B). Under this latter situation, the OSBI would be required to make the employer share of contributions to OLERS pursuant to 47 O.S. 1991, § 2-304[47-2-304](A).
 II.
¶ 17 In your final question you essentially ask which State retirement system or systems must an individual, who has been promoted from a non-commissioned employee of the OSBI to a commissioned employee, be a member.
¶ 18 Non-commissioned employees of the OSBI, as State employees not eligible for participation in any other State pension plan, are required to establish and maintain membership in OPERS. Under74 O.S.Supp. 1995, § 902[74-902](14), an "employee" for purposes of participation in OPERS, is defined in pertinent part as "any officer or employee of a participating employer." The OPERS act further provides the following definition for the term "eligible employer" in pertinent part as:
 [T]he state and any county . . . city or town . . . whose employees are covered by Social Security and are not covered by or eligible for another retirement plan authorized under the laws of this state which is in operation on the initial entry date.
74 O.S.Supp. 1995, § 902[74-902](13).
¶ 19 Should a non-commissioned employee of the OSBI subsequently become a commissioned law enforcement officer, that individual, by definition, would then qualify for mandatory membership in OLERS. 47 O.S.Supp. 1995, § 2-300[47-2-300](6). Thus, the question once again becomes whether that newly commissioned individual must make application and commence membership in OLERS pursuant to 47 O.S.Supp. 1995, § 2-300[47-2-300](6) and 47 O.S. 1991, §2-302[47-2-302](A).
¶ 20 Based upon the rationale supplied in answer to your earlier questions, it is our Opinion that 74 O.S. 1991, §150.8[74-150.8](F) would again authorize the affected employee to make an election to remain a contributing member of his former pension system, in this case OPERS, so as not to jeopardize any previously accrued pension rights.
¶ 21 As previously discussed, Section 150.8(F) provides that appointment to any position in the OSBI shall not jeopardize an individual's rights under any other State system under which peace officers of this State or its subdivisions may receive retirement benefits. A closer examination of Section 902(13) and (14) of the OPERS statutes and the membership provisions of both OLERS and OPPRS, reveals that it is clear OPERS qualifies as a system which pensions peace officers in that sheriffs and deputy sheriffs, as county officers and employees, must retain membership in OPERS.[3]
¶ 22 Thus, the newly commissioned OSBI employee must be allowed the option of maintaining membership in OPERS upon the condition that the individual continues to make both the employer and employee share of contributions in the amounts prescribed by the OPERS statutes. Should the individual elect not to continue his or her membership in OPERS and not make the employee and employer share of contributions, that individual must make written application for membership with OLERS and begin making contributions to the OLERS fund pursuant to 47 O.S. 1991, §2-304[47-2-304](B). Again, under this latter situation, the OSBI would be required to make the employer share of contributions to OPERS pursuant to 74 O.S.Supp. 1995, § 920[74-920].
¶ 23 It is, therefore, the official Opinion of the Attorney General that:
1. Title 74 O.S. 1991, § 150.8[74-150.8](F) authorizes a former municipal police officer who has been hired as an agent with the Oklahoma State Bureau of Investigation to remain a contributing member of the Oklahoma Police Pension and Retirement System upon the condition that the individual continues to make both the employer and employee share of contributions to that System. Should the individual not elect to maintain membership in the Oklahoma Police Pension and Retirement System, the individual shall be required to become a contributing member of the Oklahoma Law Enforcement Retirement System.
2. The Oklahoma State Bureau of Investigation is not required to make contributions to the Oklahoma Law Enforcement Retirement System should an individual elect to maintain membership in the Oklahoma Police Pension and Retirement System pursuant to 74O.S. 1991, § 150.8[74-150.8](F).
3. Title 74 O.S. 1991, § 150.8[74-150.8](F) authorizes an individual who is promoted from a non-commissioned employee to a commissioned employee of the Oklahoma State Bureau of Investigation to continue membership in the Oklahoma Public Employees Retirement System provided that the individual elects to maintain his membership in that System and continues contributing both the employer and employee share of contributions. Should the individual not elect to maintain membership in the Oklahoma Public Employees Retirement System, the individual shall be required to become a member of the Oklahoma Law Enforcement Retirement System.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
BARRY K. KOONCE ASSISTANT ATTORNEY GENERAL
[1] The language in Section 150.8(F) was initially codified at74 O.S.Supp. 1957, § 160[74-160], and remained as such until recodification of the OSBI statutes in 1976. See, 1976 Okla. Sess. Laws, ch. 259, § 8.
[2] See 1980 Okla. Sess. Laws ch. 356, § 2.
[3] In the OLERS statutes, 47 O.S.Supp. 1995, § 2-300[47-2-300](6) limits its definition of "member" to law enforcement within the employ of the State of Oklahoma. On the other hand, OPPRS limits its membership to "all eligible officers of a participating municipality." 11 O.S.Supp. 1995, § 50-101[11-50-101](7).